[Criminal No. 692.   Filed September 23, 1929.]

[280 Pac. 670.]

CHARLES   HASTEN,   Appellant,   v.   STATE, Respondent.

See Motor Vehicles, 42 **C. J.**, sec. 1295, p. 1331, n. 58; sec. 1309, p. 1334, n. 44.

Mr. V. L. Hash, for Appellant.

Mr. K. Berry Peterson, Attorney General, Mr. Riney B. Salmon, Assistant Attorney General, and Mr. George Wilson, County Attorney, for the State.

LOCKWOOD, C. J.—Charles Hasten, appellant herein, was convicted in the superior court of Maricopa county upon an information which charged him with operating a motor vehicle while under the influence of intoxicating liquor, and has appealed from the judgment and the order denying a new trial.

There are three assignments of error. The first raises the question of the admissibility of certain evidence as to the speed at which appellant was driving when arrested. It is urged that the speed of his car has no connection with the particular offense charged. We cannot agree with this contention. It is a notorious fact that one of the first things a driver under the influence of liquor is apt to do is to drive at a high rate of speed, especially when an advanced state of intoxication has not yet been reached. Such being the case, the speed at which appellant was driving was one of the circumstances which the jury might properly consider in determining whether he was under the influence of liquor at the time. If

appellant desired that the jury should be warned that they should consider the evidence only for its bearing on that question, he should have requested an instruction to that effect. *Hart* v. *State,* 26 Ga. App. 64, 105 S. E. 383; *Simpkins* v. *State,* 35 Okl. Crim. 143, 249 Pac. 168; *State* v. *Jenkins,* 203 Iowa 251, 212 N. W. 475.

The second and third assignments of error go to the question of what extent of influence of liquor is required to justify a conviction under our statute.

It is appellant's claim that this means in effect "under the influence of intoxicating liquor to the extent of impairing to an appreciable degree his ability to operate his car in the manner that an ordinarily prudent and cautious man, in the full possession of his faculties and using reasonable care, would operate a similar vehicle under similar conditions." It is the contention of the state, on the other hand, that the law means "any influence of intoxicating liquor, however slight," and the trial court instructed the jury on this latter theory.

Appellant's view of the law is apparently upheld by the Supreme Court of California. In the case of *People* v. *Dingle,* 56 Cal. App. 445, 205 Pac. 705, 706, the court says, "it is a natural and almost necessary assumption that the words 'under the influence of intoxicating liquor' were not inserted in the Motor Vehicle Act for the purpose of fastening guilt in the case of every and any 'influence' due to the use of intoxicating liquors, however slight," and then follows with a definition substantially like that contended for by appellant. This decision was approved and followed in *People* v. *Ekstromer,* 71 Cal. App. 239, 235 Pac. 69, and *People* v. *McKee,* 80 Cal. App. 200, 251 Pac. 675. On the other hand, the courts of New Jersey and Oregon have upheld the state's position. In the case of *State* v. *Rodgers,* 91 N. J. L.

212, 102 Atl. 433, 435, under a statute whose language is similar to ours, it was held:

"It will be noticed that it is not essential to the existence of the statutory offense that the driver of the automobile should be so intoxicated that he cannot safely drive a car. The expression, 'under the influence of intoxicating liquor,' covers not only all the well known and easily recognized conditions and degrees of intoxication, but any abnormal mental or physical condition which is the result of indulging in any degree in intoxicating liquors, and which tends to deprive him of that clearness of intellect and control of himself which he would otherwise possess. So one driving an automobile upon a public street while under the influence of intoxicating liquor offends against the . . . Act, even though he drives so slowly and so skillfully and carefully that the public is not annoyed or endangered."

In *State* v. *Noble,* 119 Or. 674, 250 Pac. 833, the court distinguished between being "in an intoxicated condition" and "under the influence of intoxicating liquor," and held that to fall within the latter phrase the state was not bound to prove that the defendant was drunk or intoxicated, but only to show that he was under the influence of intoxicating liquor to some perceptible degree.

The Penal Code of 1913 (section 398) prohibited any person "who is intoxicated" from driving a motor vehicle. In 1923 (Laws 1923, chap. 28, § 1) the offender was defined as one "who becomes or is intoxicated." In 1927 (Laws 4th Sp. Sess. 1927, chap. 2, subc. 6, § 1) the language was changed so that it read "under the influence of intoxicating liquor." Our legislature, it will be seen, required at first that the offender should be under the influence of liquor to the point of actual intoxication, but evidently became convinced that many persons who had not yet arrived at that state were a menace to public safety when driving a motor vehicle, and in order so

far as possible to remove danger from an admixture of liquor and gasoline provided that any person "influenced" by the former, without specifying the extent to which such influence must go, must himself abstain from using the latter in a motor vehicle.

It is a truism that a person who is even to the slightest extent "under the influence of liquor," in the common and well-understood acceptation of the term, is to some degree at least less able, either mentally or physically or both, to exercise the clear judgment and steady hand necessary to handle as powerful and dangerous a mechanism as a modern automobile with safety to himself and the public. With the increasing number and speed of automobiles on our highways, and the appalling number of accidents resulting therefrom, it is not strange that the law-making power determined that any person, who of his own free will voluntarily lessened in the slightest degree his ability to handle such vehicles by the use of intoxicating liquor, should, while in such condition, be debarred from their use. The legislature has placed no limitation on the extent of the influence required, nor can we add to their language.

Nor will it follow, as appellant seems to fear, that every man who has taken a drink falls within the ban of the statute. If that drink does not cause him to be "influenced" in the ordinary and well-understood meaning of the term, he is not affected by the law. If he is so influenced, he must bear the consequences of his voluntary act by refraining from driving an automobile while that influence lasts.

The judgment of the trial court is affirmed.

McALISTER and ROSS, JJ., concur.