427 P.2d 143

Harold NOLAND and Olive Noland,
his wife, Appellants,

v.

Frank E. WOOTAN and Jane Doe Wootan,
Appellees.

No. 8102.

Supreme Court of Arizona.

In Banc.

May 3, 1967.

McKesson, Renaud & Cook and Fred J. Pain, Jr., Phoenix, for appellants.

Snell & Wilmer, by John J. Bouma, Phoenix, for appellees.

LOCKWOOD, Justice:

Appellants, Mr. and Mrs. Noland, plaintiffs below, brought this action to recover for property damage and personal injuries inflicted on them as a result of an automobile collision with the defendant while he was operating his motor vehicle. The collision occurred at the corner of East McDowell Road and North 10th Street in the City of Phoenix, on the evening of March 26, 1961. Just before the collision appellants' vehicle, under the control of Mr. Noland, was proceeding West along McDowell Road, a heavily traveled four-lane through street. The appellee, Mr. Wootan, was traveling East along the same thoroughfare. Mr. Noland attempted to turn left onto North 10th Street. Before the turn could be safely executed the appellee's automobile collided with the appellants' vehicle. At the time that Mr. Noland attempted to make his left hand turn onto North 10th Street, a tan car stationed opposite him facing East on McDowell Road in the lane closest to the centerline was signaling to make a left hand turn onto North 10th Street. The testimony as to the appellee's speed before the accident and his distance from the intersection when he changed lanes so as to avoid stopping behind the tan car, waiting to make a left turn onto North 10th Street,

is contradictory. There was evidence that the appellee had drunk some intoxicating beverages before he drove his automobile on the day in question.

The jury delivered a verdict in favor of the defendant, Wootan. From the order of the trial judge denying the plaintiffs a new trial this appeal was taken.

The appellants claim that they were prejudiced by the jury instruction on what amounted to a violation of A.R.S. § 28–692 (driving while under the influence of intoxicants). The court instructed the jury that it was negligence per se for a person to drive a motor vehicle on the public highway when that individual was under the influence of intoxicants. The court stated:

> "A person is under the influence of liquor when as a result of drinking thereof, his nervous system, brain or muscle is so affected as to impair in *an appreciable degree* his ability to operate the vehicle in the manner of an ordinary prudent person in full possession of his faculties, using reasonable care, and under like conditions." (Emphasis added.)

The appellants contend that by employing the term "an appreciable degree", in the above instruction, the trial court violated our rule of longstanding that a person is guilty of the crime of driving while under the influence of intoxicants if his driving is impaired merely to the slightest degree.

In Hasten v. State, 35 Ariz. 427, 280 P. 670 (1929) we adopted the rule that one is guilty of the crime of driving while under the influence of intoxicants if his control of the vehicle is to the slightest degree affected by his consumption of the intoxicant. We have never departed from this rule of law. We take judicial notice of the terrible toll taken, both in personal injuries and property damage, by drivers who mix alcohol and gasoline, and we conclude that the test is as sound today as it was thirty-eight years ago when it was first enunciated.

194

In Hasten v. State, supra, this Court expressly disapproved of an instruction similar to the one given in the present case. The Court stated that California had refused to adopt the "slightest degree" test and had approved an "appreciable degree" instruction in People v. Dingle, 56 Cal.App. 445, 205 P. 705 (1922). This Court in Hasten, supra, believed that there was a difference between the terms "slightest degree" and "appreciable degree". We take this opportunity to reaffirm that belief.

■ The purpose of jury instruction is to inform the jury of the applicable law in terms they can readily understand. It is therefore inappropriate to employ words in jury instructions which are susceptible to more than one definition, one of which does not properly expound the law of the case to the jury. The word "appreciable" is defined by Webster's New International Dictionary Third Ed. as "capable of being perceived and recognized or of being weighed and appraised * * * syn see PERCEPTIBLE". The Random House Unabridged Dictionary (1966 Ed.) defines "appreciable" as "capable of being readily perceived or estimated; *considerable*". (Emphasis added.) It can thus be readily seen that there is disagreement between lexicographers as to the proper meaning of the word "appreciable". The word, according to Random House, may be used as meaning considerable. No dictionary definition is necessary to prove that the term "considerable degree" is not synonymous with the term "slightest degree". There being confusion in scholarly circles as to the proper meaning of the word "appreciable", it is not then unreasonable to assume that members of the jury may have thought that they had to find the defendant's driving affected to a considerable degree in order for them to conclude that he was in fact negligent as a matter of law. In using that standard the jurors unwittingly were not applying the correct interpretation of the law as set out in Hasten v. State, supra.

■ It may be argued that in fact the jury found the defendant was under the influence of liquor even though they applied the higher standard. They may, however, also have found that the defendant's negligence in driving while under the influence of an intoxicant was not a proximate cause of the plaintiffs' injuries and property damage. The jury was properly instructed that even if the defendant was driving under the influence of liquor, they must further find that this condition was a proximate cause of the collision and the ensuing damage to the plaintiffs in order to find for the latter. We have stated recently, "Where an erroneous instruction has been given on the law, and a correct instruction might have produced a different result, the error is not cured by the fact that the jury might have found for the prevailing party on some basis unaffected by the error." Holtz v. Holder, 101 Ariz. 247, 251, 418 P.2d 584, 588 (1966).

■■ If an instruction is misleading to the jury and prejudices the appellant's rights, then the giving of that instruction constitutes reversible error. Krauth v. Billar, 71 Ariz. 298, 226 P.2d 1012 (1951). In the present case the trial court committed reversible error by giving the instruction complained of here since the language used tended to obscure the proper standard to be applied in order to determine whether the defendant was under the influence of intoxicants when he was in control of his motor vehicle, i. e., whether defendant was negligent as a matter of law.

We have examined the appellants' remaining assignments of error and find them without merit.

Reversed and remanded.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and UDALL, JJ., concur.