**CITY OF FAIRBANKS, Appellant,**

v.

**LeRoy Lester SCHROCK, Appellee.**

**No. 1032.**

Supreme Court of Alaska.

July 21, 1969.

Stephen S. DeLisio, of Merdes, Schaible, Staley & De Lisio, Fairbanks, for appellant.

No appearance by or on behalf of appellee.

Before NESBETT, C. J., and RABINC WITZ, BONEY and CONNOR, JJ.

RABINOWITZ, Justice.

On November 6, 1967, a complaint was filed against appellee LeRoy Schrock in which he was charged with the offense of operating a motor vehicle upon the streets of Fairbanks while under the influence of intoxicating liquor.[1] After court trial to the district judge, appellee was found guilty of the crime of "Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor." Appellee was sentenced to 15 days' imprisonment and his driver's license was suspended for a period of one year. Appellee then appealed his district court conviction to the superior court.[2] After

---

1. The complaint alleged that appellee violated the Fairbanks Code of Ordinances § 7.348(b). In its relevant portions this ordinance reads:

   No person, whether licensed or not * * * who is under the influence of intoxicating liquor * * * shall drive any vehicle on any property, whether public or private, within this city.

2. One of the specifications asserted in appellee's notice of appeal was that the license suspension portion of the sentence was "illegal" and "in excess of what the court has the power to assess."

considering the matter on the record, the superior court reversed, without articulation of any reasons for its action, the district court's judgment as it related to suspension of appellee's driver's license and in all other respects affirmed the judgment and commitment which had been entered by the district court.[3]

Appellant, city of Fairbanks, thereafter appealed to this court, asserting that the superior court erred in reversing the district court's judgment as it related to suspension of appellee's driver's license.

The question of whether the district court possesses the authority to revoke or suspend a motor vehicle operator's license for violation of a city ordinance has engendered differences of opinion among Alaska's superior court judges. After the instant appeal was filed in this court, Superior Court Judge Warren William Taylor concluded, in a separate action, that he was in error when he held in the case at bar that the district court lacked authority to suspend drivers' licenses for violations of municipal ordinances regulating the operation of motor vehicles.[4] More recently Superior Court Judge Everett W. Hepp held that the district court erred when it suspended the defendant's driver's license for a period of one year upon defendant's conviction for drunk driving in violation of the applicable municipal ordinance.[5]

Many subtle and perplexing issues are either directly or tangentially related to the question which we are asked to resolve. Because we are confronted with the unfortunate situation that the case at bar was presented in a nonadversary manner, this appeal will be disposed of on the narrowest grounds possible.

Since appellee has not appeared in person or by counsel in this appeal, we must look to the record in the superior court to determine the basis of appellee's attack upon the district court's suspension of his driver's license for a period of one year upon his conviction of the offense of operating a motor vehicle while under the influence of intoxicating liquor. Study of the record which was made at the superior court level indicates that appellee grounded his argument on the fact that appellant city of Fairbanks is a home rule city; that the legislature has provided that a home rule city is subject to the same limitations upon its power to punish for violations of its regulations pertaining to the operation of motor vehicles as are imposed upon a first class city; that a first class city is limited in formulation of penalties to providing for a fine and a jail sentence and that this limi-

3. The superior court's order of July 26, 1968, read in part as follows:

ORDERED that the judgment of the court below is affirmed. The sentence of the court below as it relates to suspension of driver's license is reversed.

4. Judge Taylor reached this conclusion in the course of a memorandum opinion which was filed on January 14, 1969, in Platz v. City of Fairbanks, No. 68–99 Cr., Superior Court of the State of Alaska, Fourth Judicial District. In the *Platz* case, appellant had been charged with operating a motor vehicle while under the influence of intoxicating liquor. At trial appellant was found guilty of the lesser included offense of negligent driving. As part of the sentence imposed, District Judge Hugh H. Connelly limited appellant's use of his operator's license for a period of 30 days. Although Judge Taylor did voice the view that he had

reached an erroneous conclusion in the *Schrock* case, the actual holding of the *Platz* case was that the district court lacked authorization to limit Platz's license because he "was not convicted of an offense that either mandatorily or discretionally allowed his license to be limited."

5. Judge Hepp's ruling was made in Green v. City of Fairbanks, Civ. No. 68–129, Superior Court of the State of Alaska, Fourth Judicial District. There petitioner Green had been charged and convicted of the offense of operating a motor vehicle while under the influence of intoxicating liquor. District Judge Mary Alice Miller fined petitioner $300 and suspended his driver's license for a period of one year. No reason is given by Judge Hepp, in his order of June 12, 1969, for his reversal of the suspension portion of the district court's sentence.

tation establishes the extent of the "punishment power of a Home Rule City." [6]

To meet the issues raised by this appeal requires reference to, and analysis of, several confusing and apparently conflicting statutes and ordinances. An appropriate point of departure is afforded by the provisions of section 7.701(a) and (b) of the Fairbanks Code of Ordinances. Subsection (a) in essence provides that upon conviction of driving under the influence of intoxicating liquor the penalty prescribed shall be a fine of "not more than three hundred dollars or by imprisonment for not more than thirty days or by both such fine and imprisonment." Of greater significance is subsection (b) of section 7.701. Here it is further provided that upon conviction of driving while under the influence of intoxicating liquor.

the municipal magistrate in addition to the other punishment as provided in this chapter may forthwith suspend a vehicle operator's license and upon suspension thereof, the municipal magistrate shall notify Alaska police of such action and send revoked license to them as provided by 15–3–4, ACLA 1949. See 15–3–2, 15–3–3, 15–5–3,[7] Chapter 44 of 1953 Session Laws, Chapter 107 of 1955 Session Laws.

If this ordinance provision were the only basis for the district court's suspension of appellee's driver's license, we would find ourselves in agreement with appellee's position on several counts.

By virtue of chapter 44, SLA 1953, our legislature authorized municipalities

to prescribe by ordinance, for the suspension of motor vehicle operators licenses or

permits for violating of municipal ordinances relating to the use and operation of motor vehicles.

Apparently in conformity with this legislative grant, appellant city of Fairbanks enacted an ordinance which is presently codified as section 7.701(b) of the Fairbanks Code of Ordinances. As we pointed out in our opinion in Knudsen v. City of Anchorage,[8] "in 1959 the first State Legislature enacted a comprehensive law covering the examining and licensing of motor vehicle operators and providing for the cancellation, revocation and suspension of licenses." In regard to this 1959 act, chapter 173, SLA 1959, which became effective on May 4, 1959, this court observed that it

plainly expresses the intent that all revocations and suspensions of operators' licenses be the act of the Department of Public Safety.[9]

Of greater pertinency to the question of the efficacy of section 7.701(b) is the holding in *Knudsen* that

the power of unlimited suspension of operators' licenses granted to municipalities by chapter 44, SLA 1953 is in direct conflict with the above-mentioned provisions of chapter 173, SLA 1959 and that that portion of chapter 44 reading:

'and provided further, that the council shall have the power to prescribe by ordinance, for the suspension of motor vehicle operators licenses or permits for violation of municipal ordinances relating to the use and operation of motor vehicles.'

Every court having jurisdiction over offenses committed under this Act, or any other Act of this state or *municipal ordinance* regulating the operation of motor vehicles on highways, shall forward to the department a record of the conviction of any person in said court for a violation of any said laws other than regulations governing standing or parking, and may *recommend* the suspension of the operator's license of the person so convicted. (emphasis added)

---

6. Appellee also formulated the issue in the following manner: "[T]he gist of the appeal concerns the power of a court to limit a license and not the power of a municipality to grant or regulate licenses or permits."

7. These citations should have been to the respective sections of Title 50, ACLA 1949.

8. 358 P.2d 375, 384 (Alaska 1960).

9. Knudsen v. City of Anchorage, 358 P.2d 375, 384 (Alaska 1960). Section 20(2) of ch. 173, SLA 1959 provided:

was repealed by section 36 of chapter 173, SLA 1959 as being one of 'all other Acts or parts of Acts in conflict herewith.[10]

Subsequent to *Knudsen,* our legislature in 1964 significantly revised the regulation of motor vehicle operators' licenses by removing the power of suspension or revocation from the Department of Public Safety and vesting these powers once again in the courts. By virtue of section 7 of chapter 17, SLA 1964, AS 28.15.220 was repealed and re-enacted to read as follows:

> *Discretionary Suspension, Revocation, or Limitation of License.* (a) A court may as a part of the sentence revoke, suspend, or impose a limitation upon a license upon conviction of
>
> (1) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug to a degree which makes him incapable of safely driving a motor vehicle;
>
> \*     \*     \*     \*     \*     \*
>
> (b) A court may as a part of the sentence for conviction of a violation of any law or ordinance regulating the operation of motor vehicles upon a highway or upon complaint of the department revoke, suspend, or limit a license, upon a showing that the licensee \* \* \*. (Thereafter are listed eight possible showings that the Department of Public Safety can make.)

■ It is noteworthy that the 1964 act did not contain any provisions parallel to that of chapter 44, SLA 1953 which granted authority to municipalities to "prescribe by ordinance, for the suspension of motor vehicle operator licenses" for violations of municipal ordinances pertaining to the use and operation of motor vehicles. Under our holding in *Knudsen,* chapter 44, SLA 1953 was held to have been repealed by section 36 of chapter 173. We have not been cited to any subsequent enactment on the part of our legislature which has specifically authorized municipalities to prescribe the circumstances under which a motor vehicle operator's license could be suspended or revoked. Study of the major revisions carried out by the legislature in 1964 reveals that the legislature itself intended to vest in the courts of Alaska the authority to revoke, suspend, or impose limitations upon a license upon conviction of a violation of any law or ordinance regulating the operation of motor vehicles.[11] We therefore conclude that section 7.701(b) of the Fairbanks Code of Ordinances cannot be used as a basis to support the district court's suspension of appellee's operator's license.[12]

Although we have concluded that section 7.701(b) of the Fairbanks Code of Ordinances is eliminated as a basis for validation of the district court's license suspension, we believe that AS 28.15.220 does supply the requisite authority for affirmance of the district court's judgment. But before further examining AS 28.15.220's ap-

10. Knudsen v. City of Anchorage, 358 P.2d 375, 385 (Alaska 1960). Section 36 of ch. 173, SLA 1959 provided that certain enumerated sections "are hereby repealed as well as all other Acts or parts of Acts in conflict herewith."

11. *See* SLA 1964, ch. 17, § 7 now AS 28.-15.220(a), (b). As previously noted under subsection (b), the court may upon *complaint of the Department of Public Safety* and upon a showing by the department that the licensee has done certain enumerated acts, revoke, suspend, or limit a license.

12. In this regard we further note that art. IV, § 1 of Alaska's constitution provides in part that:

> The judicial power of the State is vested in a supreme court, a superior court, and the courts established by the legislature. The jurisdiction of courts shall be prescribed by law.
>
> By virtue of AS 22.15.010, our legislature established "a district court of the State of Alaska for each of the four judicial districts of the superior court of this state." Under the provisions of AS 22.-15.060(a)(2), the district court was given jurisdiction over violations of ordinances of the state's political subdivision. Nowhere in our statutes relating to the judiciary, or municipal corporations, has our legislature established the office of municipal magistrate or authorized the creation of the same by any of our political subdivisions.

plicability to the central issue in this appeal, mention should be made here of appellee's reliance on section 6 of chapter 157, SLA 1966.[13] By virtue of this act our legislature provided that:

AS 29.10.171(a), relating to power to govern the use and operation of motor vehicles, applies to home rule cities.[14]

In section 1 of chapter 157, SLA 1966 (now AS 29.10.171(a)), it is established in regard to Alaska's municipal corporations that:

The council may, by general ordinance, provide for licensing and regulating the use and operation of motor vehicles in the city, and prescribe the qualifications of persons operating or driving motor vehicles. The power granted under this subsection extends to all classes of motor vehicles and operators which the state may license and regulate under AS 28 and vests the council with authority to implement or supplement those provisions, adopt the prohibition authorized in AS 28.15.040(d), *and prescribe penalties not exceeding those prescribed for violation of municipal ordinances generally under sec. 195 of this chapter.* However, ordinance provisions other than those for penalties must be compatible with provisions of state law relating to motor vehicles and motor vehicle operators within the city. The power of the state to enforce state law relating to motor vehicles and motor vehicle operators within the city is not affected by this subsection. (emphasis added)

At the pertinent times in question, AS 29.10.195(a) granted the council of a municipal corporation authorization to "prescribe the punishment for the violation of any ordinance, but the punishment shall not exceed a fine of $300 or imprisonment in a city jail for 30 days, or both, together with the costs of prosecution." Subsection (a) of section 7.701 of the Fairbanks Code of Ordinances is in conformity with the limitations of AS 29.10.195(a) for the ordinance provides for a maximum term of imprisonment of 30 days, or a fine in the maximum amount of $300, or both. On the other hand, subsection (b) of section 7.701 exceeds the limitations placed on a home rule city by virtue of the provisions of AS 29.08.013, AS 29.10.171(a), and AS 29.10.195(a). Without attempting to determine the question of whether revocation, suspension, or limitation of a license is penal in character,[15] we deem it sufficient for purposes of this appeal that the legislature's enactment of AS 29.08.013 negated the possibility of the district court grounding its suspension on subsection (b) of section 7.701.

This conclusion does not terminate our decisional quest for as we have heretofore indicated, we are of the belief that the district court's authority to suspend appellee's motor vehicle operator's license stems from the legislative grant found in AS 28.15.220. This section of Alaska's motor vehicle laws reflects the legislature's most contemporaneous and important enactment in regard to the regulation and control over motor vehicle operators' licenses.

As early as 1941 our territorial legislature empowered our courts "in fixing the penalty" to revoke a motor vehicle operator's license.[16] In 1953, chapter 44, SLA 1953 gave to municipalities the power to adopt ordinances permitting the suspension of motor vehicle operator licenses or per-

---

13. Now AS 29.08.013.

14. SLA 1966, ch. 157, § 9 provides: "This Act does not apply to licenses or permits issued before the effective date of this Act."
   Art. X, § 11 of the Alaska constitution reads:
   A home rule borough or city may exercise all legislative powers not prohibited by law or by charter.

A parallel provision to this constitutional grant is found in AS 29.05.020 which states: "A home rule city has all legislative powers not prohibited by law or charter." There is no dispute here of the fact that appellant city of Fairbanks possesses the status of a home rule city.

15. This is just one of the numerous issues that has not been briefed in this appeal.

16. SLA 1941, ch. 65, § 8.

mits for violation of ordinances. Six years later, in 1959, our first state legislature, in a comprehensive piece of legislation, placed the power to revoke or suspend motor vehicle operator licenses in the Department of Public Safety.[17] Thereafter, this court decided in Knudsen v. City of Anchorage[18] that sections 20(2) and 36 of the 1959 act had the effect of repealing chapter 44, SLA 1953. There matters stood until our legislature enacted chapter 17, SLA 1964, which was another act relating to the powers to limit, suspend, or revoke a motor vehicle operator's license. As a result of section 7 of this act, AS 28.15.220 was repealed; the authority of the Department of Public Safety to revoke, suspend, or limit a motor vehicle operator's license was terminated; and this authority was once again vested in the courts of Alaska.

■ Study of the entire text of the 1964 act[19] discloses the legislature's intent to re-confer authority in the courts of Alaska to revoke, suspend, or impose limitations upon a license for violation of any state law, or political subdivision's ordinance regulating the operation of motor vehicles.[20] Thus, we do not believe that primacy can be accorded to the argument advanced by appellee in the superior court that the legislature's $300 and 30-day limitation[21] on the power of home rule cities to prescribe penalties for violations of any ordinance regulating the use and operation of motor vehicles delimits the full extent of the district court's power to impose sanctions upon conviction of a violation of a municipal ordinance governing the use and operation of motor vehicles. We do not believe that the limits of the district court's power in such circumstances is to be ascertained by viewing in isolation the AS 29.08.013,

AS 29.10.171(a), and AS 29.10.195 limitation on the penalty powers of home rule cities. This would be too narrow a focus. To do so would be to ignore the history of the legislature's changing evaluations as to where the authority to revoke, suspend, or limit a license should be located within our governmental structure. The present regulatory scheme envisaged by the legislature clearly reflects that these powers are to be exercised by courts. Given this comprehensive 1964 enactment, we do not believe that the penalty limitations prescribed in the AS 29.08.013, AS 29.10.-171(a), and AS 29.10.195 trilogy were intended to detract from the powers of suspension, revocation, and limitation granted by chapter 17, SLA 1964. We hold, therefore, that the legislative limitations on the power of municipalities to prescribe penalties concerning motor vehicle violations did not amend or subtract from the powers which were granted to the courts, by virtue of chapter 17, SLA 1964, to revoke, suspend, or limit a license as part of sentence imposed for conviction of a violation of any law or ordinance regulating the operation of a motor vehicle upon a highway.

Given our conclusion that chapter 17, SLA 1964 is controlling and furnishes the statutory basis for affirmance of the district court's suspension of appellee's license, a somewhat more detailed reference to chapter 17, section 7, SLA 1964 (AS 28.-15.220) is appropriate at this point. We mentioned earlier that appellee was charged with a violation of section 7.348(b) of the Fairbanks Code of Ordinances. This ordinance prohibits "driving under the influence of intoxicating liquor." After trial to the district judge, sitting without a jury, appellee was found guilty of operating a motor vehicle while under the influence

17. SLA 1959, ch. 173.

18. 358 P.2d 375, 385 (Alaska 1960).

19. SLA 1964, ch. 17.

20. See particularly SLA 1964, ch. 17, § 7 (now AS 28.15.220(b)). In regard to the discretionary suspension, revocation, or limitation of license, this statute provides in part that:

A court may as a part of the sentence for conviction of a violation of any law or *ordinance* regulating the operation of motor vehicles upon a highway * * *. (emphasis added)

21. See AS 29.08.013, AS 29.10.171(a), and AS 29.10.195.

of intoxicating liquor. In this regard, AS 28.15.220(a) (1) provides that:

A court may as part of the sentence revoke, suspend, or impose a limitation upon a license upon conviction of

(1) driving a motor vehicle while under the influence of intoxicating liquor * * * *to a degree which makes him incapable of safely driving a motor vehicle* * * *. (emphasis added)

Before the superior court trial, counsel for appellee took the position that AS 28.15.220(a) was not applicable because his client was neither charged with nor convicted of the offense of operating a motor vehicle while under the influence of intoxicating liquor to a degree which made him incapable of driving safely.[22] We believe that this argument is answered by reference to section 7.350 of the Fairbanks Code of Ordinances. In regard to the offense of negligent driving, it is provided that:

For the purpose of this section to 'operate in a negligent manner' means the operation of a vehicle upon the public ways, streets or highways or private property or way in such a manner as to endanger any person or property. *The*

*offense of operating a vehicle in a negligent manner shall be considered to be a lesser offense than, but included in, the offense of driving a vehicle while under the influence of intoxicating liquor * * * and any person charged with driving a vehicle while under the influence of intoxicating liquor * * * may be convicted of the lesser offense of operating a vehicle in a negligent manner.* (emphasis added)

■ In our view there is no significant distinction between this ordinance's negligent driving standard of operation in such a manner "as to endanger any person or property" and AS 28.15.220(a) (1)'s criterion of operation under the influence "to a degree which makes him incapable of safely driving a motor vehicle." Therefore, the district judge's adjudication of guilt as to appellee's violation of the ordinance prohibiting driving a vehicle while under the influence of intoxicating liquor necessarily included the negligent driving standard established by section 7.350 of the Fairbanks Code of Ordinances. Thus, the criterion of AS 28.15.220(a) (1) was met and the district court was in turn authorized to suspend appellee's driver's license.[23]

22. This contention raises another issue which has gone unbriefed before this court.

23. The state statute prohibiting drunk driving does not contain the phraseology "to a degree which makes him incapable of safely driving a motor vehicle." AS 28.35.030 merely employs the following language, "while under the influence of intoxicating liquor." *See also* SLA 1964, ch. 49 and § 50-5-3 ACLA 1949, the predecessors to AS 28.35.030.

By virtue of SLA 1941, ch. 65, § 8(a), the courts of the territory were authorized to revoke an operator's license upon conviction of "operating any vehicle upon the public highways of this Territory while under the influence of or affected by the use of intoxicating liquor." SLA 1947, ch. 49, § 6 authorized revocation upon conviction of operating a motor vehicle "while under the influence of * * * intoxicating liquor." Then SLA 1959, ch. 173, § 22(2) granted the Department of Public Safety the power to revoke licenses for "driving a motor ve-

hicle while under the influence of intoxicating liquor * * * *to a degree which renders him incapable of safely driving a motor vehicle, either under this Act or Chapter 107, SLA 1955.*" (emphasis added) Significantly, SLA 1955, ch. 107 does not contain the standard in question; it merely prohibits the operation of motor vehicles while under the influence of intoxicating liquor. The most recent enactment pertaining to this question is found in SLA 1964, ch. 17, § 7 (AS 28.15.220(a) (1)).

What is derivable from this legislative history is that at times the legislature itself has not distinguished between but has used synonymously the terms "driving under the influence of intoxicating liquor" and driving under the influence of intoxicating liquor to "a degree which renders him incapable of safely driving a motor vehicle."

In the case at bar, it is sufficient 'to reiterate our conclusion that § 7.350 of the Fairbanks Code of Ordinances is dispositive of the question. *See generally*

Although we do not choose to finally pass upon the question, because of the non-adversary manner in which this appeal has come before us, it appears that a strong argument can be made to the effect that the district court's suspension was justified in light of the provisions of AS 28.15.-220(b). There it is provided that:

> A court may as part of the sentence for conviction of a violation of any law or ordinance regulating the operation of motor vehicles upon a highway or upon complaint of the department revoke, suspend, or limit a license, upon a showing by the department that the licensee * * *. (This is followed by eight subsections establishing categories of acts and status which are allowed as the basis for a requisite showing by the Department of Public Safety under AS 28.-15.220(b).)

■ Admittedly, the statute is not free of ambiguity.[24] Yet we believe that a reasonable interpretation of AS 28.15.220

(b) leads to the conclusion that it contains a grant of authority to suspend, revoke, or limit a license in two situations: first, as part of the sentence imposed upon conviction of a violation of any law or ordinance regulating the operation of motor vehicles upon a highway and second, upon the complaint of the Department of Public Safety, and a showing by the department that the licensee has committed particularized acts, or attained a certain status under one of the eight categories enumerated in AS 28.-15.220(b). Since appellee was convicted of a violation of an ordinance regulating the operation of motor vehicles upon a highway, the district court possessed the authority to suspend his driver's license.

The superior court's order reversing that portion of the district court's judgment and commitment which suspended appellee's motor vehicle operator's license is reversed and the case is remanded to the superior court with directions to affirm the district court's judgment and commitment in its entirety.

McMurry v. State, 28 Ala.App. 253, 184 So. 42 (1938); Noland v. Wootan, 102 Ariz. 192, 427 P.2d 143 (1967); People v. Haeussler, 41 Cal.2d 252, 260 P.2d 8 (1953); Annot., Driving While Intoxicated—Degree, 142 A.L.R. 555 (1943).

24. For instance, is the phrase "upon a showing by the department that the licensee" has committed an offense or obtained the status embodied in the eight categories to be read back only into the phrase "complaint of the department," or must this showing, on the part of the department, be made ancillary to the "conviction of a violation of any law or ordinance regulating the operation of motor vehicles upon a highway"?