538 P.2d 409

Anita THOMAS, Appellant,

v.

Harry BOWMAN and Gladys Bowman,
his wife, Appellees.

No. 1 CA–CIV 2480.

Court of Appeals of Arizona,
Division 1,
Department A.

Aug. 5, 1975.

Kenneth P. Clancy, Phoenix, for appellant.

Burch, Cracchiolo, Levie, Guyer & Weyl by Daniel Cracchiolo, Phoenix, for appellees.

## OPINION

OGG, Presiding Judge.

The plaintiff/appellant Anita Thomas was injured in a one car accident while riding as a passenger in an automobile driven by the defendant/appellee Harry Bowman. The case was tried to a jury which returned a verdict for the defendant and the plaintiff now brings this appeal.

Three questions are presented for review:

1.  Was evidence of the consumption of beer erroneously admitted into evidence?

2.  Did the court err in submitting instructions to the jury on the issues of assumption of risk and contributory negligence?

3.  Should a new trial be granted in the interest of justice?

The facts disclose that the defendant was taking the plaintiff to visit her relatives in a new Pinto automobile which he had purchased the day before. It appears that the driving conditions were excellent on the day of the accident and that defendant's automobile, while traveling between 50 to 55 miles per hour on an open, straight, paved highway, left the highway and turned over, causing serious injuries to the passenger/plaintiff. Lowell Hicks, the plaintiff's accident reconstruction expert, testified that in his opinion the accident occurred when the automobile went off the edge of the pavement and the defendant over-corrected, causing the vehicle to overturn. The defendant claimed the accident was caused by a tire blowing out. The investigating officer found three tires were flat but the tires did not show signs indicating a blowout.

The evidence of the consumption of beer is interwoven into the questions of assumption of risk and contributory negligence. Although the evidence is conflicting in some respects it appears that the defendant testified that he and the plaintiff each consumed two cans of beer at the "Y" Bar and had purchased a six-pack to go. He further testified that plaintiff had opened two cans of beer in the car and gave one to the defendant as he was driving the car. The investigating officer testified that he smelled alcohol on both the plaintiff and the defendant. Both parties denied that they were under the influence; however, the defendant testified that both were "feeling good."

## WAS THE EVIDENCE OF DRINKING BEER ERRONEOUSLY ADMITTED INTO EVIDENCE?

At the time of the pretrial conference the plaintiff requested, by a motion in limine, that the trial court exclude any evidence concerning the consumption of beer by either of the parties. This motion was denied and the trial judge did admit evidence of beer consumption at the trial. In our opinion the trial court was correct. In the case of *Noland v. Wootan,* 102 Ariz. 192, 427 P.2d 143 (1967), the Arizona Supreme Court restated the rule that a person is driving under the influence of intoxicants if his control of the vehicle is affected in the slightest degree. Under the facts of this case and the legal issues presented, such evidence was relevant and was properly admitted.

## DID THE COURT ERR IN SUBMITTING INSTRUCTIONS TO THE JURY ON THE ISSUES OF ASSUMPTION OF RISK AND CONTRIBUTORY NEGLIGENCE?

We believe there is sufficient evidence in the record to create a fact question for the jury as to whether the defendant was intoxicated to such an extent that the plaintiff/passenger assumed the risk of an obvious danger. We also believe the acts of the plaintiff in riding as a passenger and opening and handing beer to the

driving defendant created a jury fact question on the issue of contributory negligence. See *Fitzgerald v. Maricopa County*, 14 Ariz.App. 48, 480 P.2d 385 (1971). The case of *Davis v. Waters*, 103 Ariz. 87, 436 P.2d 906 (1968) [Reversed on other grounds], is directly on point. In that case two ladies consumed alcohol at a bar until they started to "feel pretty good;" they left in defendant's automobile and an accident occurred. The passenger sued the driver and the jury returned a verdict in favor of the driver. The Arizona Supreme Court held that an assumption of risk instruction was proper under such a fact situation. See Arizona Constitution, Article 18, Section 5, A.R.S.; *Nichols v. Baker*, 101 Ariz. 151, 416 P.2d 584 (1966).

## SHOULD A NEW TRIAL BE GRANTED IN THE INTEREST OF JUSTICE?

The defendant claims that she was denied a fair trial because of the total impact of several claimed irregularities that took place at trial. The defendant's attorney asked the investigating officer if he issued a traffic citation to the defendant. The officer answered "No, sir" and plaintiff's attorney made an immediate objection. The court sustained the objection and instructed the jury to disregard the statement. We do not believe this amounts to reversible error.

The plaintiff next objects to the trial court's refusal to grant an in limine motion and exclude any evidence showing the relationship of the parties. The defendant was allowed to show he had taken the plaintiff on numerous trips and that she was never charged a "fare;" that the defendant had helped plaintiff look for a job and had given her some money. We find no error in the admission of such testimony. We believe much of this evidence was background in nature and was relevant in showing what the plaintiff knew of the defendant's habits and driving ability. It is always relevant to show any bias, interest, motive or special relationship relative

to a witness or a party to an action. Udall, *Arizona Law of Evidence,* § 65 at pp. 95, 96 (1966).

The plaintiff also claims error by the court in allowing the defendant to testify that in a conversation with the plaintiff after the accident, the plaintiff indicated to him that she intended to sue the Ford Motor Company because a defect in the new Pinto must have been the cause of the accident. Plaintiff claims this was allowing an unqualified witness to give an expert opinion relative to the alleged mechanical failure of the Pinto. We believe this was admissible evidence for it was the admission of a party opponent and was against her interest. *Wolfswinkel v. Southern Pacific Co.*, 81 Ariz. 302, 305 P. 2d 447 (1956); McCormick, *Law of Evidence*, § 239, et seq. (1954); Udall, Arizona Law of Evidence, § 178, *supra*.

We find no reversible error and affirm the decision of the trial court and the jury.

FROEB and DONOFRIO, JJ., concur.