Thomas J. COLLINS

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 16, 1999.

Decided Aug. 3, 1999.

Elaine N. Blass and Timothy P. Wile, Harrisburg, for appellant.

James J. Byrne, Jr., Media, for appellee.

Before PELLEGRINI, J., LEADBETTER, J., and JIULIANTE, Senior Judge.

LEADBETTER, Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) ap-

peals from an order of the Court of Common Pleas of Delaware County (trial court) sustaining the statutory appeal of Thomas J. Collins from a one year suspension of his operating privilege.

■ Pursuant to the Driver's License Compact (Compact), 75 Pa.C.S. § 1581,[1] the Department suspended Collins' operating privilege for one year after it received notice via electronic transmission from the Arizona Division of Motor Vehicles (DMV) that Collins had been convicted in Arizona, on November 12, 1997, of driving under the influence (DUI) under A.R.S. § 28–692(A)(1).[2] Collins appealed the suspension. At the *de novo* hearing, Collins argued that the Arizona and Pennsylvania DUI statutes are not substantially similar within the meaning of the Compact. The trial court sustained Collins' appeal, concluding that Section 1532(b) of the Vehicle Code[3] does not mandate a one year suspension for a violation of an offense equivalent to Pennsylvania's DUI statute, 75 Pa.C.S. § 3731(a),[4] and that, in any event, Arizona's DUI statute is not substantially similar to Pennsylvania's DUI statute. This appeal followed. On appeal, the De-

---

1. Article III of the Compact provides in part that "[t]he licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee." 75 Pa.C.S. § 1581. Article IV of the Compact requires the home state, for purposes of license suspensions or revocations, to give the same effect to the conduct reported under Article III that would be given if the conduct had occurred in the home state. *Id.*

2. Effective October 1, 1997, the state of Arizona renumbered its DUI statute. Section 28–692 was renumbered as Section 28–1381. Thus, former A.R.S. § 28–692(A)(1) and the present A.R.S. § 28–1381(A)(1) provide:

   A. It is unlawful for a person to drive or be in actual physical control of a vehicle in this state under any of the following circumstances:
   1. While under the influence of intoxicating liquor, any drug, a vapor releasing

substance containing a toxic substance or any combination of liquor, drugs or vapor releasing substances if the person is impaired to the slightest degree.

3. At the time of Collins' suspension, Section 1532(b)(3) of the Vehicle Code provided in pertinent part:

   (3) The department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under influence of alcohol or controlled substance). . . .
   75 Pa.C.S. § 1532(b)(3).

4. 75 Pa.C.S. § 3731(a) provides in pertinent part:

   Offense defined.—A person shall not drive, operate or be in actual physical control of the movement of any vehicle:
   (1) while under the influence of alcohol to a degree which renders the person incapable of safe driving;

partment challenges both of the trial court's conclusions.[5]

■ Article IV of the Compact provides:

(a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall *give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state* in the case of convictions for:

. . .

(2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle;

. . .

(c) If the laws of a party state do not provide for offenses or violations denominated or described in precisely the words employed in subdivision (a) of this article, such party state shall construe the denominations and descriptions appearing in subdivision (a) of this article as being applicable to and identifying those offenses or violations *of a substantially similar nature* and the laws of such party state shall contain such provisions as may be necessary to ensure that full force and effect is given to this article.

75 Pa.C.S. § 1581 (emphasis added). Thus, under the Compact, where a member state reports a conviction to the Department for an offense that is substantially similar to the offense articulated in Article IV(a)(2), the Department must give the same effect to the conviction that would be given if the conviction were for a Pennsylvania DUI offense. Pursuant to Section 1532(b)(3), a Pennsylvania licensee is subject to suspension of his operating privilege upon conviction for DUI. Therefore, the Compact authorizes the suspension of a Pennsylvania licensee's operating privilege upon proper notice by a member state of a DUI conviction. However, the Compact's authorization to suspend a licensee's operating privilege for an out of state DUI conviction exists only where the out of state conviction is for offenses substantially similar to the offenses set forth in Pennsylvania's DUI statute.[6] Thus, the dispositive issue in this appeal is whether the section of Arizona's DUI statute under

---

**5.** Based on the issues raised on appeal, our review is plenary. *Department of Transp., Bureau of Driver Licensing v. Scott*, 546 Pa. 241, 247, 684 A.2d 539, 542 (1996).

**6.** As we stated in *Kiebort v. Department of Transportation, Bureau of Driver Licensing*, 719 A.2d 1139, 1142 (Pa.Cmwlth.1998):

Indeed, Article IV requires that the licensing authority in the home state 'give the same effect to the conduct reported . . . as it would if such conduct had occurred in the home state. . . .' The Supreme Court has interpreted this language as meaning that a DUI conviction reported to the Department from a party state to the Compact is to be treated as if the Pennsylvania licensee had been convicted of violating Pennsylvania's DUI statute, 75 Pa.C.S. § 3731(a). *Sullivan v. Department of Transportation, Bureau of Driver Licensing*, 550 Pa. 639, 708 A.2d 481 (1998). A conviction for violating 75 Pa. C.S. § 3731(a) mandates a one-year suspension under the clear language of 75 Pa.C.S. § 1532(b)(3).

Thus, we reject the trial court's reasoning that Collins' suspension was improper because it was not expressly authorized by 75 Pa.C.S. § 1532(b). Article IV of the Compact provides the requisite authority where the substantial similarity test is met. Since we conclude today, however, that Arizona's statute is not substantially similar to Pennsylvania's, we must also conclude that the Department was without authority under the Compact to suspend Collins' operating privilege.

We note that the Legislature amended 75 Pa.C.S. § 1532(b)(3) effective December 21, 1998. That section now explicitly provides that the Department shall suspend a driver's operating privilege upon receipt of records of conviction of offenses substantially similar to the offenses set forth in 75 Pa.C.S. § 3731(a) reported to the Department under Article III of the Compact. This clarification, however, does not change our conclusion that the Department has always had the authority, under the Compact itself, to impose suspensions where a driver is convicted in a member state of an offense substantially similar to one of the offenses set forth at 75 Pa.C.S. § 3731(a).

which Collins was convicted is substantially similar to the relevant section of the Pennsylvania DUI statute.[7]

■ The section of Arizona's DUI statute under which Collins was convicted, Section 28–692(A)(1), prohibits driving "[w]hile under the influence of intoxicating liquor ... if the person is impaired to the slightest degree." A.R.S. § 28–692(A)(1). In comparison, Pennsylvania's DUI statute, 75 Pa.C.S. § 3731(a)(1) prohibits driving "[w]hile under the influence of alcohol to a degree which renders the person incapable of driving." For the reasons that follow, we conclude that these sections of the statutes are not substantially similar.

In construing the words "under the influence of intoxicating liquor," the Arizona Supreme Court has stated that the phrase:

[C]overs not only all the well known and easily recognized conditions and degrees of intoxication, but any abnormal mental or physical condition which is the result of indulging in any degree in intoxicating liquors, and which tends to deprive him of that clearness of intellect and control of himself which he would otherwise possess. So one driving an automobile upon a public street while under the influence of intoxicating liquor offends against the Act, even though he drives so slowly and so skillfully and carefully that the public is not annoyed or endangered.

. . .

[I]t is not strange that the lawmaking power determined that any person, who of his own free will voluntarily lessened in the slightest degree his ability to handle such vehicles by the use of intoxicating liquor, should, while in such condition, be debarred from their use.

*Hasten v. State*, 35 Ariz. 427, 280 P. 670, 671 (1929). The construction set forth in *Hasten* continues to be the law in Arizona. *See State v. Martin*, 174 Ariz. 118, 847 P.2d 619, 622 (Ct.App.1993); *State v. Parker*, 136 Ariz. 474, 666 P.2d 1083, 1083 (Ct.App.1983). Further, Arizona appellate courts consistently construe the phrase "under the influence of intoxicating liquor" broadly, finding that the slightest degree of impairment suffices to render a driver under the influence. For instance, in *State v. Askren*, 147 Ariz. 436, 710 P.2d 1091, 1093 (Ct.App.1985) *quoting Noland v. Wootan*, 102 Ariz. 192, 427 P.2d 143, 144 (1967), the court rejected appellant's argument that the trial court should have instructed the jury that a person is under the influence of alcohol if he is less able to exercise clear judgment and a steady hand "to some significant degree" and stated that "a defendant is guilty of the offense of driving while under the influence of intoxicants 'if his control of the vehicle is to the slightest degree affected by his consumption of the intoxicant.'" In *Davis v. Waters*, 103 Ariz. 87, 436 P.2d 906, 909 (1968), the court stated, "a person is driving under the influence of intoxicants if his control of his vehicle is to the slightest degree affected by his consumption of the intoxicant." *Accord, State ex rel. McDougall v. Albrecht*, 168 Ariz. 128, 811 P.2d 791, 795 (Ct.App.1991).

Aside from the numerous judicial pronouncements that slight impairment is sufficient to render a driver "under the in-

---

7. A number of our decisions analyzing the DUI statute of a given Compact member state frame the issue as whether the member state's DUI statute is substantially similar to Pennsylvania's DUI statute. That is the issue as set before us by the parties in this case as well. We simply note that the precise inquiry under the Compact is whether a member state's DUI statute is substantially similar to Article IV(a)(2) of the Compact ("driving a motor vehicle while under the influence of intoxicating liquor ... to a degree which renders the

driver incapable of safely driving a motor vehicle"). Section (a)(1) of Pennsylvania's DUI statute, 75 Pa.C.S. § 3731(a)(1), which provides that a person shall not drive "while under the influence of alcohol to a degree which renders the person incapable of safe driving," is clearly substantially similar to Article IV(a)(2) of the Compact. Thus, a comparison of a member state's statute to Pennsylvania's statute is effectively a comparison of the member state's statute to Article IV(a)(2) of the Compact.

# 758

fluence," the decision of the Arizona Legislature to include the phrase "impaired to the slightest degree" in the Arizona statute evidences an intent to prohibit *any* alcohol-related impairment. To the contrary, the Pennsylvania statute describes driving under the influence not in terms of slight impairment, but rather as being *incapable* of safely driving. In *Olmstead v. Department of Transportation, Bureau of Driver Licensing*, 677 A.2d 1285, 1287 (Pa.Cmwlth.1996), *aff'd*, 550 Pa. 578, 707 A.2d 1144 (1998) and *Eck v. Department of Transportation, Bureau of Driver Licensing*, 713 A.2d 744 (Pa.Cmwlth.1998), we concluded that statutes prohibiting any alcohol-related impairment are not substantially similar to 75 Pa.C.S. § 3731(a)(1). We are therefore compelled to find a lack of substantial similarity in this case.

In *Olmstead*, we stated that "[c]ertainly, section 3731(a)(1) cannot reasonably be interpreted to define DUI as any alcohol-related impairment, no matter how minor, where that impairment does not affect a person's ability to be a safe driver." 677 A.2d at 1287. There, we compared the New York Driving While Ability Impaired (DWAI) statute with the Pennsylvania DUI statute. The New York statute provides that "[n]o person shall operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol." N.Y. Veh. & Traf. Law § 1192(1). In concluding that the two statutes were not substantially similar, we stated:

> Because New York did not report that Olmstead had driven while under the influence of alcohol to a degree that he was incapable of driving safely, DOT could not under Article IV(1)(b)(sic) of the Compact suspend his license as if he had been convicted here of such conduct under Section 3731 of the Code. Further, a person who suffers from any

8. Similarly, in *Eck*, we concluded that the section of Maryland's DUI statute which prohibits "driving while under the influence of

alcohol-related impairment while driving, operating or being in actual physical control of a motor vehicle will suffer no consequences under the law of our Commonwealth if he or she is still capable of being a prudent or safe driver in any case.

*Id.* at 1288.[8] Similarly, here, the Arizona DMV did not report that Collins had been convicted of an offense that is substantially similar to any of the offenses set forth at 75 Pa.C.S. § 3731(a). The trial court, therefore, correctly sustained Collins' appeal.

Accordingly, we affirm the order of the trial court.

### O R D E R

AND NOW, this 3rd day of August, 1999, the order of the Court of Common Pleas of Delaware County in the above captioned matter is hereby affirmed.

alcohol" proscribes any alcohol-related impairment and has no counterpart in the Pennsylvania statute.