811 P.2d 791

**The STATE of Arizona, ex rel., Roderick G. McDOUGALL, Phoenix City Attorney, Petitioner,**

v.

**The Honorable Rebecca A. ALBRECHT, Judge, the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge.**

**Daniel F. WILLIAMS, Real Party in Interest.**

**No. 1 CA–SA 91–038.**

Court of Appeals of Arizona, Division 1, Department B.

May 16, 1991.

dant). Williams was found guilty after a jury trial in the City of Phoenix Municipal Court for violating A.R.S. § 28–692(A) and (B).

### Facts and Procedural History

Williams was stopped at 1:15 a.m. on October 5, 1989 for speeding and failure to stop at a red light. The police officer noted that Williams had alcohol on his breath, watery eyes and slurred speech, and performed poorly on the field sobriety tests. He was advised of his *Miranda* rights and arrested.

Williams was transported to the police station where he was observed for twenty minutes to permit any mouth alcohol to dissipate. *See* A.R.S. § 28–692.03(A)(3). Two breath tests using the Gas Chromatograph Intoximeter (GCI) were performed at 2:01 a.m. and 2:10 a.m., which showed a blood alcohol concentration (BAC) of .13% and .14%, respectively. Williams was cited for driving while under the influence and driving with a BAC of .10% or greater in violation of A.R.S. § 28–692(A) and (B). He was also cited for two civil traffic violations.

Williams filed a motion to suppress his BAC results, alleging that the state could not satisfy the relation back requirement of *Desmond v. Superior Court,* 161 Ariz. 522, 779 P.2d 1261 (1989), i.e., that the evidence of his GCI could not be accurately used to determine his BAC at the time of driving. The trial court deferred ruling on the motion pending expert testimony at trial.

Roderick G. McDougall, City Atty., Laurel M. Canham, Asst. City Atty., Phoenix, for petitioner.

Richard L. Juarez, Phoenix, for real party in interest.

### OPINION

GERBER, Presiding Judge.

The state filed this special action challenging the superior court's ruling which vacated the driving under the influence convictions of Daniel F. Williams (defen-

At trial the arresting officer testified that Williams stated he had two sips of beer and denied drinking anything more. The officer testified that Williams stated he used mouthwash at 10:50 p.m. and was taking Robitussin cough syrup. He also testified that Williams stated he had a meal sometime between 9:00 and 10:00 p.m. The officer testified that he was qualified to administer the breath test and that he followed the Department of Health Services' checklist in conducting the test. *See* A.R.S. § 28–692.03(A)(2) and (4).

William's wife testified that her husband had been recovering from the flu for the past month and that he was taking Robitussin and Nyquil, with the last dose at 11:00 p.m. She stated that a friend was at their home drinking beer that night but denied that Williams had been drinking.

Patrick Chavez, a criminalist from the Phoenix police department crime lab, provided the state's expert testimony. Over objections of lack of foundation and improper expert testimony, Chavez used Williams' performance on the field sobriety tests to quantify his BAC. Chavez testified that based on Williams' performance on the walk and turn field sobriety test, there was a 67% probability that his BAC was over .10% at the time of the sobriety test. Chavez also stated that based on the performance of the one-leg stand test, there was a 65% probability that Williams' BAC was over .10% at the time of the sobriety test.

Chavez also related Williams' BAC back to the time of driving as required by *Desmond*. Chavez used the following factors to make a determination of Williams' BAC at the time of driving: Williams weighed 140 pounds; he stopped consuming alcohol at 11:00 p.m.; he was driving at 1:15 a.m.; and the time and results of the BAC tests.[1] On these bases, Chavez calculated that Williams' BAC at the time of driving was between .14% and .15%. Over defense objection of lack of foundation, Chavez introduced Williams' breath test results.

The jury found Williams guilty of violating A.R.S. § 28–692(A) and (B) which read:

A. It is unlawful and punishable as provided in § 28–692.01 for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within this state.

B. It is unlawful and punishable as provided in § 28–692.01 for any person to drive or be in actual physical control of any vehicle within this state while there is 0.10 or more alcohol concentration in

the person's blood or breath at the time of the alleged offense.

Williams filed an appeal in the superior court. There he asserted the trial court erred in permitting the criminalist to estimate his BAC based upon his physical performance on the field sobriety tests. He also asserted that the court erred in allowing into evidence his BAC test results and the relation back determination. The superior court vacated the jury verdict and remanded the case for a new trial via the following minute entry:

During the trial, over the objection of the Defendant, the Court permitted the introduction of evidence of the Defendant's blood alcohol reading related back to the time of driving, the Defendant's blood alcohol reading based upon his performance of the field sobriety tests called 'walk and turn' and 'one-leg' stand.

The cases controlling the decision in this cause are *State ex rel. Hamilton v. City Court of Mesa* [165 Ariz. 514, 799 P.2d 855 (1990)], 71 Ariz. Adv.Rep. 19 (10–11–90), *Desmond v. Superior Court*, 161 Ariz. 522 [779 P.2d 1261] (1989) and *Frye v. United States* 293 Fed. 1013 (1923)....

The expert testifying for the State indicated that with the evidence available, he could relate the results of the GCI test back to the time of driving. The foundation for this testimony was sufficient under *Desmond* and was, therefore, properly admitted.

The Defendant's reading at the time of the test is not admissible under *Desmond*. If the Defendant's test results can not be related back, *Desmond* holds that only the fact that the test indicated a presence of alcohol at the time of the test can be admitted. Nothing in *Desmond* suggests that once the test has been related back to the time of driving, the reading at the time of the test becomes relevant. The Defendant's objection to the admission of the readings at

---

1. Chavez consulted with the strip chart containing Williams' BAC results. The results were used in his calculations but were not revealed to the jury until after Chavez related the results back to the time of driving.

the time of the tests should have been sustained.

The State sought from the expert, testimony about the Defendant's blood alcohol content based upon his performance on the field sobriety tests. The criminalist testified, over objection, that based upon the reported test results, there was a 67% chance that the Defendant's blood alcohol level was over .10% The Supreme Court's reasoning in *Hamilton* seems to apply to this case as well. *Hamilton* deals with the introduction of the results of the HGN test and the quantifying of a Defendant's blood alcohol level based upon that result. The Court there stated at page 22 [165 Ariz. at 518, 799 P.2d at 859]:

> In a case involving only a 28–692(A) charge, where no chemical test of blood, breath or urine has occurred, the use of HGN evidence is restricted. Evidence derived from the HGN test, in the absence of a chemical analysis, although relevant to show whether a person is under the influence of alcohol is only relevant in the same manner as are other field sobriety tests and opinions on intoxication.

The State attempted to give to the field sobriety tests, the imprimatur of scientific accuracy. These field tests are not entitled to such. The field tests are nothing more than indicators of 'possible neurological dysfunction, one cause of which could be alcohol ingestion.' *Hamilton* at 22 [165 Ariz. at 518, 799 P.2d at 859].

The admission of the expert's opinion of the Defendant's blood alcohol level based upon the field tests was error....

After this ruling by the superior court, the state filed this special action asserting that the superior court abused its discretion in vacating the jury verdict based on an erroneous interpretation of *Desmond.* The state also contends the field sobriety tests were properly used to quantify Williams' BAC.

## Jurisdiction

Special action relief is generally only available when the petitioner lacks an equally plain, speedy and adequate remedy by appeal. Rule 1, Rules of Procedure for Special Actions. The state urges this court to accept jurisdiction because appeal rights have been exhausted and, absent our intervention, the case will have to be retried without the important evidence of the breath test results. A.R.S. § 22–375(B).

The issues presented are of statewide importance because they impact the type of expert testimony presented in most DUI cases. We therefore accept jurisdiction to clarify the superior court's interpretation of *Desmond* and the use of field sobriety tests at trial. We have jurisdiction pursuant to our authority under A.R.S. § 12–120.21(A)(4).

## Analysis

The superior court vacated the jury verdict which found Williams guilty of violating A.R.S. § 28–692(A) and (B). The superior court premised its ruling upon the belief that the trial court erred in admitting Williams' BAC reading under *Desmond* even though the BAC test was related back to the time of driving. The superior court also held that the trial court erred in permitting the criminalist to estimate Williams' BAC based upon the field sobriety tests. We must examine the superior court's dual rulings to determine whether they were arbitrary and capricious or an abuse of discretion. Rule 3, Rules of Procedure for Special Actions.

## I. *A.R.S. § 28–692(A) Conviction*

■ When an appellate court reviews the sufficiency of the evidence, it does not reweigh evidence to decide whether it would reach the same conclusion as the trier of fact. *State v. Guerra,* 161 Ariz. 289, 778 P.2d 1185 (1989). We must determine only whether there was sufficient evidence so that a rational trier of fact could find guilt beyond a reasonable doubt. *State v. Smith,* 158 Ariz. 222, 225, 762 P.2d 509, 512 (1988). Evidence is viewed in a light most favorable to sustaining the conviction, reasonable inferences are resolved against the defendant, and all conflicts of

evidence are resolved in favor of sustaining the verdict. *Guerra,* 161 Ariz. at 293, 778 P.2d at 1189.

■ A person is driving under the influence of intoxicants if his control of the vehicle is impaired to the slightest degree. *Davis v. Waters,* 103 Ariz. 87, 436 P.2d 906 (1968); *State v. Superior Court of Pima County,* 150 Ariz. 18, 721 P.2d 676 (App. 1986). Williams' failure to stop at a red light and speeding coupled with his poor performance of the field sobriety tests and physical signs of impairment constituted substantial evidence of impairment. This evidence alone amply supports the jury verdict for the A.R.S. § 28–692(A) violation. The superior court abused its discretion in vacating the A.R.S. § 28–692(A) conviction. Rule 3, Rules of Procedure for Special Actions. We accordingly reverse the ruling of the superior court and reinstate the jury verdict on the A.R.S. § 28–692(A) charge.

## II. *A.R.S. § 28–692(B) Conviction*

### a. Admissibility of the BAC Results

■ The superior court vacated the jury verdict based on its interpretation of *Desmond* that "[t]he defendant's reading at the time of the test is not admissible under *Desmond* ... Nothing in *Desmond* suggests that once the test has been related back to the time of driving, the reading at the time of the test becomes relevant ..." A close reading of *Desmond* indicates that the superior court was incorrect in this interpretation. The superior court correctly determined that the state's expert satisfied the *Desmond* foundational requirements for relating the GCI test results back to the time of driving. His estimate of Williams' BAC at the time of driving was properly admitted. However, once the BAC is related back to the time of driving, the following language from *Desmond* comes into play:

> We believe that the result of a blood or breath test taken after the driver has been stopped and arrested is relevant under Rule 401, Ariz.R.Evid., and admissible under A.R.S. § 28–692.03(A), (B). *See Fuenning* [*v. Superior Court in and for the County of Maricopa*], 139

Ariz. [590] at 602, 680 P.2d [121] at 133 (1983). Such evidence would be evidence having a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ariz.R.Evid. 401. This would be true as to subsection A (driving under the influence) or subsection B (BAC of 0.10 percent or more). 161 Ariz. at 527, 779 P.2d at 1266. Therefore, under *Desmond,* once there was "some evidence" which an expert could use to relate the BAC back to the time of arrest, Williams' BAC content as tested shortly after arrest became admissible. *Id.* The trial court properly admitted the BAC test results.

### b. Field Sobriety Tests

■ The superior court correctly determined that the trial court erred in admitting the criminalist's testimony which estimated Williams' BAC based upon his performance of the field sobriety tests.

In *State ex rel. Hamilton v. City Court of City of Mesa,* 165 Ariz. 514, 799 P.2d 855 (1990), the supreme court contrasted the use of the HGN test and the field sobriety tests at trial. *See also State v. Superior Court In and For Cochise County,* 149 Ariz. 269, 276, 718 P.2d 171, 178 (1986). The *Hamilton* court stated that HGN test differs significantly from typical field sobriety tests because field sobriety tests are "... based only on common human understanding and do not have the scientific aura that the State would give to the HGN test." 165 Ariz. at 518, 799 P.2d at 859. The court there stated that field sobriety tests cannot be used to establish BAC but are limited to showing clues or symptoms of impairment. 165 Ariz. at 518, 799 P.2d at 859 n. 3.

The state's criminalist attempted to give the field sobriety tests the imprimatur of scientific accuracy. The qualification of a witness as an expert does not necessarily qualify the data on which he relies. *United States v. Tranowski,* 659 F.2d 750 (7th Cir.1981). His characterization of the field sobriety tests was misleading in that the

jury may have given the tests undue significance as scientific truths, when, in fact, they measure only gross neurological impairment. We have concern about the misleading influence of such speculative conclusions unsupported by controlled experiments may have on a jury.[2] We adopt the cautions articulated in *United States v. Brown*, 557 F.2d 541 (6th Cir.1977):

> A courtroom is not a research laboratory. The fate of a defendant in a criminal prosecution should not hang on his ability to successfully rebut scientific evidence which bears an "aura of special reliability and trustworthiness," although, in reality the witness is testifying on the basis of an unproved hypothesis in an isolated experiment which has yet to gain general acceptance in its field.

557 F.2d at 556.

### c. Conclusion

We conclude that the superior court reached the correct result in vacating the jury verdict on the A.R.S. § 28–692(B) charge. However, it reached the correct result for the wrong reason. The superior court misapplied *Desmond* in its determination that Williams' BAC results were inadmissible and irrelevant. Under *Desmond* the defendant's BAC is admissible once a qualified expert relates the BAC back to the time of driving. However, the superior court correctly determined that the trial court erred in permitting the criminalist to estimate Williams' BAC based on his field sobriety tests. When a lower court comes to the proper conclusion for the wrong reason we are obliged to affirm the ruling if it was legally correct for any reason. *State v. Perez*, 141 Ariz. 459, 687 P.2d 1214 (1984).

### Conclusion

The superior court's ruling on the A.R.S. § 28–692(A) charge is vacated and the original jury verdict is reinstated. The superior court's ruling which vacated the A.R.S. § 28–692(B) verdict is affirmed. The case is remanded to the trial court for proceedings in accordance with this opinion.

KLEINSCHMIDT and LANKFORD, JJ., concur.

---

**2.** A federally funded study evaluated roadside sobriety tests as indicators of intoxication. Burns & Moskowitz, *Psychophysical Tests for DWI Arrest*, U.S. Department of Transportation Rep. No. DOT–HS–802–424 (1977). The study revealed that the HGN was the most reliable and precise indicator of BAC. *Id.* at 39; *cited with approval in State v. Superior Court*, 149 Ariz. at 275, 718 P.2d at 177. A companion study confirmed that the HGN was an "outstanding and useful tool for the officer at the roadside." Tharp, Burns & Moskowitz, *Development and Field Test of Psychophysical Tests for DWI Arrest*, U.S. Dept. of Transportation Rep. No. DOT–HS–805–864 (1981). No definitive conclusions could be drawn from the walk-and-turn test and the one-leg stand. *Id.* at 72–3.