663 P.2d 233

James ANDERJESKI, Daniel Anderson, James Anderson, Ronald Bahr, Michael Campos, Robert Claycomb, Michael Curley, Virgil Dillon, Anton Jukic, Margaret Kelson, John Lawson, Russell Miller, Rudolpho Navarro, Michael Rux, Robert Smith, Ben Tresise, Marcus Ventrella, Chris Benjamin, Jerry Blanton, Tim Bowler, Loretta Cecil, Gerald Chumack, Edward Foote, Greg Lawson, John Mac-Isaac, Doug Purdom, Larry Torres, Scott Cohea, Pete Fernandez, Gary Hobbs, Ruben Torres, Antonio Hernandez, Donald Lawrence, Steven Blakemore, Robert Carlisle, J.Y. Mills, Kenneth Johnson, August Root, Shirley Kennedy, Nancy Wharton, Richard Beck, Petitioners,

v.

CITY COURT OF the CITY OF MESA, State of Arizona, City of Mesa, a political subdivision of the State of Arizona, and the Mesa City Prosecutor's Office, an agent thereof, Hon. Harold Reeb, Hon. D.H. Standage, and Hon. Norval Jesperson, real parties in interest, and Hon. David G. Derickson, Judge of Superior Court, Respondents.

Janet C. WHEELER, Petitioner,

v.

STATE of Arizona, the City Court of the City of Mesa, Arizona, ex rel Lowell D. Hamilton, Mesa City Prosecutor, and the Honorable Harold H. Reeb, City Magistrate of the City Court, Real Party in Interest, and the Honorable David Derickson, Judge of the Superior Court, Maricopa County Arizona, Real Party in Interest, Respondents.

Nos. 16376–SA, 16403–SA.

Supreme Court of Arizona, In Banc.

May 2, 1983.

Ronald Wiltbank, P.C. by Ronald Wiltbank, Charles C. Schock, Phoenix, for petitioners in No. 16376–SA.

Lowell D. Hamilton, Mesa City Prosecutor, Mesa, for respondents.

Andy Baumert, Phoenix City Atty. by Paul Ahler, City of Phoenix Prosecutor's Office, Thomas E. Collins, Maricopa County Atty. by Jerry G. Landau, Phoenix, for brief amicus curiae.

Thomas M. Shaw, Mesa, for petitioner in No. 16403–SA.

CAMERON, Justice.

We accepted jurisdiction of two petitions for special action pursuant to Ariz. Const.

art. 6 § 5(1) and Arizona Rules for Special Actions, 17A A.R.S.

We must answer two questions on appeal:
1. May a defendant be convicted of both a violation of A.R.S. § 28–692(A) and (B) for conduct arising from a single incident?
2. If so, may defendant be punished separately for the violation of each offense?

In No. 16376–SA, James Anderjeski and 40 others were the defendants. Pursuant to a policy of the City Prosecutor of the City of Mesa, defendants, upon being arrested for driving after the consumption of alcoholic beverages, were charged with a violation of A.R.S. § 28–692(A), driving while intoxicated, and A.R.S. § 28–692(B), driving with a blood alcohol content of 0.10 per cent or more. The defendants moved to dismiss one of the charges or to compel election. The motions were denied.

In No. 16403–SA, Janet C. Wheeler was also charged with violation of both paragraphs (A) and (B) of A.R.S. § 28–692 arising out of a single act of driving. She also moved to dismiss or compel election based upon double jeopardy grounds and her motion was granted.

The defendants in No. 16376–SA and the city in No. 16403–SA petitioned the Superior Court for relief. The trial court upheld the denial of the motion to dismiss or make an election in No. 16376–SA and overturned the granting of the motion in No. 16403–SA, in effect allowing the defendants to be charged and tried for two crimes arising out of the same event. The trial court, however, stated:

> Conviction of defendant for each offense does not raise the possibility of double punishment when the offenses arise out of a single act. The "identical elements" test established in *State v. Tinghitella,* 108 Ariz. 1, 491 P.2d 834 [1971] applies to A.R.S. Section 13–116, *State v. Seats,* [131 Ariz. 102, 638 P.2d 1348 (App.1981), vacated 131 Ariz. 89, 638 P.2d 1335 (1981)], and prevents any sentencing which is not concurrent. When double convictions occur out of a single

incident, jail sentences must be concurrent, payments on fines will apply to satisfy both, no more points can be charged against a person's license than ordinarily charged for one, and the convictions can count as one only for purposes of enhancing punishment under A.R.S. Section 28–692.01. Because they are separate offenses, the State may not lawfully be required to elect between them.

From such decision, the defendants brought special actions in this court, and we accepted jurisdiction in order to clarify the existing law in this area, recognizing it is a matter of statewide importance and interest.

### DOUBLE JEOPARDY

A.R.S. § 28–692 reads as follows:

A. It is unlawful and punishable as provided in § 28–692.01 for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within this state.

B. It is unlawful and punishable as provided in § 28–692.01 for any person to drive or be in actual physical control of any vehicle within this state while there is 0.10 per cent or more by weight of alcohol in the person's blood.

The defendants contend that inasmuch as the acts upon which the two charges are based arise out of the same conduct, it is a violation of the double jeopardy provision of the United States Constitution (fifth amendment, incorporated through the fourteenth amendment) and of the Constitution of the State of Arizona (art. 2 § 10), to find a person guilty of both paragraphs (A) and (B). We do not agree.

Although arising out of one act, the statutes describe two separate and distinct offenses. Paragraph (A) makes it an offense to drive under the influence of intoxicating liquor. Paragraph (B) makes it an offense to drive with 0.10 blood alcohol content or more. It is possible to have less than 0.10 blood alcohol content and still be under the influence of intoxicating liquor.

Such a person would then be guilty of violating paragraph (A) and not paragraph (B). On the other hand, a person may have over 0.10 per cent blood alcohol content and still not have his driving abilities significantly impaired to come within the provisions of A.R.S. § 28–692(A), driving under the influence of intoxicating liquor.

Ten-hundredths of one percent by weight of alcohol in the blood is a cold medical fact. Intoxication is a physical condition usually evidenced by unsteadiness on the feet, slurring of speech, lack of body coordination and an impairment of motor reflexes. * * * Consequently, the presence of ten-hundredths of one percent by weight of alcohol in a defendant's blood is not an essential element of the offense of driving while intoxicated. * * * *State v. Blumer,* 546 S.W.2d 790, 792 (Mo.1977).

Under these conditions, the Arizona driver would be in violation of paragraph (B) and not paragraph.(A). The two sections then describe two separate offenses, even though they admittedly arise out of the same conduct. The two offenses are not the same in law or fact.

We find no double jeopardy violation in charging and trying the defendants under both paragraphs (A) and (B) of A.R.S. § 28–692. See *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932).

## PUNISHMENT

Defendants also contend that they may not be punished by the imposition of double punishment for the same conduct, citing A.R.S. § 13–116. We agree. Our statute reads:

§ 13–116. Double punishment

An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent.

In the instant case, we have an act, "driving" (A) while under the influence, or "driving" (B) with a blood alcohol content of 0.10 or more. This is a single act which is made punishable by different sections of A.R.S. § 28–692. Admittedly, the United States Supreme Court recently has indicated that the states may impose cumulative punishment if it is clearly the intent of the legislature to do so by statute. *Missouri v. Hunter,* —— U.S. ——, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). But in Arizona the clear legislative intent is not to cumulate punishment for one act. A.R.S. § 13–116. Therefore the court may only sentence concurrently, and the Motor Vehicle Department may assess "points" for only one offense.

Defendants also point out that the courts are applying A.R.S. § 28–692.01(E) and (F) which provide that if a person is convicted of a second violation of A.R.S. § 28–692 within a period of 36 months, the person is guilty of a class 1 misdemeanor and if a person is convicted of a third or subsequent violation of A.R.S. § 28–692 within a period of 36 months, the person is guilty of a class 5 felony. Defendants contend that the state is attempting to use both convictions arising out of the same act as a method of enhancing the punishment under (E) and (F) of A.R.S. § 28–692.01. Thus when a driver is convicted of a violation of both paragraphs (A) and (B) of A.R.S. § 28–692 arising out of one act of driving the state is attempting to find the driver guilty of A.R.S. § 28–692.01(E) or (F) based upon a second, third or subsequent offense within 36 months. We do not believe from the legislature's treatment of double punishment in the context of a single act that it intended that a simultaneous conviction under both (A) and (B) of A.R.S. § 28–692 arising out of one act would invoke the enhancement provisions (E) and (F) of A.R.S. § 28–692.01.

Judgments of the Superior Court affirmed.

GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.

HOLOHAN, Chief Justice, dissenting.

I dissent.