710 P.2d 1091

**STATE of Arizona, Appellee,**

v.

**Johnny ASKREN, Appellant.**

**No. 1 CA–CR 8810.**

Court of Appeals of Arizona,
Division 1, Department D.

Nov. 14, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Div., and Diane D. Hienton, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa Co. Public Defender by John W. Rood, III, Deputy Public Defender, Phoenix, for appellant.

## OPINION

SHELLEY, Judge.

The appellant was charged by information with one count of driving under the influence of intoxicating liquor while his license was suspended, cancelled or revoked, a class 5 felony in violation of A.R.S. §§ 28–692(A) and 28–692.02. The jury found appellant guilty. He was sentenced to 2.5 years imprisonment.

On appeal, appellant raises the following issues:

(1) The trial court erred in denying his motion *in limine.*

(2) The trial court erred in refusing to give appellant's jury instruction regarding impairment.

## MOTION IN LIMINE

The appellant filed a motion *in limine* with the trial court asking, among other things, that the State be precluded from asking questions as to the officer's opinion on the ultimate issue of whether or not defendant was intoxicated and to order the State to instruct its witnesses not to offer such an opinion while testifying. That portion of the motion *in limine* was denied.

At the trial, the prosecutor elicited from Officer Force testimony with regard to various field tests which appellant performed at the request of the officer. Then the following questions and answers were given.

Q. What are you trying to determine by these series of tests that you've given? Is there something you hope to learn from the whole battery, if you will, of tests that is given?

A. Yes, on the basis of his performance on the test and my observations of his physical appearance and the odor of his breath, *it's an attempt to determine whether he is, in fact,* intoxicated and was intoxicated while he was driving the car.

MR. BOND: Your Honor, for the record, I'm going to object to the last response on the basis of the Fuenting (sic) decision. I think it's an improper opinion testimony.

THE COURT: The record may show the objection is overruled and based on the previous ruling of the Court, the record will show a continuing objection along those lines. (Emphasis added)

Appellant contends that the question and answer above quoted constitute an expression of an opinion by the officer to the effect that appellant was under the influence of alcohol and therefore violates the holding by the Arizona Supreme Court in *Fuenning v. Superior Court,* 139 Ariz. 590, 605, 680 P.2d 121, 136 (1983), wherein the court stated:

When, in a DWI prosecution, the officer is asked whether the defendant was driving while intoxicated, the witness is actually being asked his opinion of whether the defendant was guilty. In our view, such questions are not within the spirit of the rules. See Rule 704 and Comment, Ariz.R.Evid. Ordinarily, more prejudice than benefit is to be expected from this type of questioning.

In this case the officer was not asked his opinion as to whether appellant was under the influence of alcohol. He was only asked what he was trying to determine by the series of field tests that were given and if there was something that he hoped to learn therefrom. The officer replied that it was an attempt to determine whether appellant was in fact intoxicated while driving the car. This is clearly not an expression of the officer's opinion. Any juror would know that the purpose of giving the field tests was to try to determine if appellant was under the influence of alcohol.

The question and answer involved in this case is clearly within the ambit of the type approved by the Arizona Supreme Court in *Fuenning, supra,* wherein the court stated:

It ordinarily would be proper to ask the witness in such a case whether he or she was familiar with the symptoms of intoxication and whether the defendant displayed such symptoms. The witness might be allowed to testify that defendant's conduct seemed influenced by alcohol.

139 Ariz. at 605, 680 P.2d at 136.

Since the questioning of the officer did not violate *Fuenning,* the admission of the testimony was not error.

### REFUSAL TO GIVE APPELLANT'S REQUESTED JURY INSTRUCTION REGARDING IMPAIRMENT

■ Relying on *Anderjeski v. City Court of City of Mesa,* 135 Ariz. 549, 663 P.2d 233 (1983), appellant also argues that the trial court erred by refusing to give his instruction on impairment which stated, in part:

However, if his consumption of alcohol does not cause him to be influenced in the ordinary and well-understood meaning of the term, he is not violating the law. According to the law of this State, a person is under the influence of alcohol if to some significant degree he is less able to either physically or mentally exercise the clear judgment and steady hand necessary to handle an automobile with safety to himself and the public.

Appellant contends that before he could be found guilty of driving while under the influence of alcohol, the jury must find that the influence of alcohol "to some significant degree" impaired his ability to handle the vehicle. Although appellant admits that the court in *Anderjeski, supra,* did not use that standard in the jury instructions, he claims that, even if dicta, the *Anderjeski* language provides the standard which now applies in Arizona.

The court in *Anderjeski, supra,* did not address the issue that appellant presents to

this court. The law on the degree of intoxication was aptly stated by the court in *Noland v. Wootan*, 102 Ariz. 192, 193, 427 P.2d 143, 144 (1967). There, the court held that a defendant is guilty of the offense of driving while under the influence of intoxicants "if his control of the vehicle is to the slightest degree affected by his consumption of the intoxicant." That is still the law in Arizona. The trial court properly instructed the jury in accord with the standard set by the Arizona Supreme Court.

The judgment and sentence of the trial court are affirmed.

GRANT, P.J., and JACOBSON, J., concur.