773 P.2d 227

**The STATE of Arizona, Appellee,**

v.

**Charles Lee GRIMES, Appellant.**

No. 2 CA–CR 88–0340.

Court of Appeals of Arizona,
Division 2, Department A.

Jan. 17, 1989.

Review Denied May 31, 1989.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Gerald R. Grant, Phoenix, for appellee.

Harold L. Higgins, Jr., Pima County Public Defender by Wayne E. Yehling, Tucson, for appellant.

OPINION

LIVERMORE, Presiding Judge.

Following a jury trial, appellant was convicted of one count each of 1) driving under the influence of intoxicating liquor, 2) driving under the influence of intoxicating liquor while his license was suspended, and 3) driving under the influence of intoxicating liquor while never having reapplied for or obtained a license after suspension. Appellant admitted a prior DUI conviction. He was placed on probation for three years, subject to the condition that he be incarcerated for six months, and ordered to pay a fine of $274, a surcharge of $70 and $100 to the Victim Compensation Fund.

On appeal, appellant contends that the trial court erred in refusing the following instruction:

> You are instructed that if you find the defendant's control of his vehicle was affected to a degree that rendered him incapable of safely driving his vehicle due to the alcohol he consumed, then the defendant is guilty of driving while under the influence.

Instead, the trial court instructed the jury:

> [I]f you find that the defendant's control of his automobile (or other vehicle) was affected to the slightest degree by intoxicating liquor, the defendant is guilty of driving while under the influence of intoxicating liquors.

Appellant acknowledges that the "slightest degree" instruction has been approved by the Arizona courts, *see Noland v. Wootan,* 102 Ariz. 192, 427 P.2d 143 (1967); *State v. Askren,* 147 Ariz. 436, 710 P.2d 1091 (App. 1985), but argues that we should follow the lead of the Montana Supreme Court in mandating an instruction which requires the jury to find that a defendant's driving ability has been impaired to the point that he is incapable of driving safely. *City of Helena v. Davis,* 723 P.2d 224 (Mont.1986). Appellant further argues that the adoption of the statutory presumptions set forth in

**330**

A.R.S. § 28–692(E), together with the legislature's treatment of driving under the influence of drugs, warrants the inference that the legislature intended a higher standard of proof to apply to DUI cases. We disagree.

First, the "slightest degree" instruction has been approved by our supreme court, and it is not our prerogative to adopt a different standard. Second, the enactment of the statutory presumptions are not inconsistent with the "slightest degree" standard, particularly where, as here, there is no evidence presented as to blood alcohol content.

Finally, we believe a rational basis exists for the disparate treatment accorded by the legislature to persons driving under the influence of drugs, who may be convicted only upon proof that they were influenced "to a degree which renders [them] incapable of safely driving a vehicle...." A.R.S. § 28–692(L). The properties of alcohol and its negative effect on one's ability to drive are well known. There are a wide variety of drugs, however, both legal and illegal, with an equally wide variation in effect on the human body. The term "drug," as used in § 28–692(L), includes both prescription and over-the-counter medications, the effects of which may not be known to the consumer. It was reasonable for the legislature to conclude that the state should be put to a higher burden of proof in such cases before a defendant charged with driving under the influence of a drug could be convicted under this subsection.

We have reviewed the entire record for fundmental error and, finding none, affirm.

HATHAWAY and HOWARD, JJ., concur.