NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

CHAD EVERETT BRAXTON, *Appellant.*

No. 1 CA-CR 17-0232
No. 1 CA-CR 18-0104 PRPC
(Consolidated)
FILED 7-19-2018

---

Appeal from the Superior Court in Maricopa County
No. CR2014-001580-001
The Honorable Michael D. Gordon, Judge

**AFFIRMED**
**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Appellee*

The Hopkins Law Office, P.C., Tucson
By Cedric Martin Hopkins
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge David D. Weinzweig joined.

---

**M c M U R D I E**, Judge:

¶1    Chad Everett Braxton appeals his convictions for two counts of dangerous assault by a prisoner, four counts of aggravated assault, and one count of promoting prison contraband, and the resulting sentences. Braxton's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Counsel also asked this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Braxton was given the opportunity to file a supplemental brief, and raised the following issues: (1) sufficiency of the evidence; (2) failure to disclose material evidence; (3) ineffective assistance of counsel; (4) improper vouching; (5) multiplicitous convictions and excessive sentences; (6) violation of due process; and (7) unreliable witness testimony. Braxton also petitioned this court to review the superior court's order dismissing his post-conviction relief ("PCR") proceeding commenced pursuant to Arizona Rule of Criminal Procedure 32. We consolidated the direct appeal with the petition for review from the PCR proceeding. After reviewing the record, we affirm Braxton's convictions and sentences; we also grant review of his petition for review, but deny relief.

## FACTS AND PROCEDURAL BACKGROUND

¶2    On March 6, 2014, while an inmate at Lewis prison in Buckeye, Braxton attacked a corrections officer by striking her several times with a netted laundry bag full of rocks. The victim sustained a fractured nose and orbital bone, as well as significant vision loss in her left eye.

¶3    Braxton was indicted on seven counts, including: two counts of dangerous or deadly assault by a prisoner, a Class 2 felony; one count of promoting prison contraband, a Class 2 felony; two counts of aggravated assault (serious physical injury and deadly weapon or dangerous instrument), a Class 3 felony; and two counts of aggravated assault (fractured orbital bone and nose), a Class 4 felony. All seven counts were

alleged as dangerous offenses and the State alleged multiple aggravating circumstances including Braxton's prior felony convictions.

¶4        In October 2014, Braxton was found not competent to stand trial after a Rule 11 examination. Two months later, after further evaluation, he was found to be competent. Braxton filed multiple motions throughout the pretrial proceedings to change counsel, and in December 2014 the superior court accepted his waiver of his right to counsel, appointed him advisory counsel, and allowed him to represent himself. However, one year later, the superior court granted Braxton's motion to have his advisory counsel resume representation.

¶5        After another change in counsel, a 16-day jury trial took place in December 2016 and January 2017. The jury found Braxton guilty as charged. The jury also found aggravating circumstances on Counts 1, 2, 4, 5, 6, and 7. Specifically, the offenses were found to have: (1) been dangerous; (2) caused physical, emotional, or financial harm to the victim; (3) involved the use of a deadly weapon or dangerous instrument during the commission of the crime; (4) been committed in a brutal, vicious, or violent manner; and (5) resulted in serious physical injury to the victim. At sentencing, the court found Braxton had two prior felony convictions and sentenced him as follows: a maximum term of 28 years' imprisonment on Counts 1 and 2, concurrent with Counts 4–7; a presumptive term of 15.75 years' imprisonment on Count 3, consecutive to all other counts; a maximum term of 20 years' imprisonment on Counts 4 and 5 , concurrent with Counts 1, 2, 6, and 7; and a maximum term of 12 years' imprisonment on Counts 6 and 7, concurrent with Counts 1, 2, 4, and 5. Braxton timely appealed, and we have jurisdiction over the appeal pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).

¶6        While the appeal was pending, Braxton sought post-conviction relief, arguing ineffective assistance of counsel for failing to: (1) present a third-party defense; (2) retest DNA evidence; (3) call specific witnesses; (4) argue his mental health history as a mitigating factor; and (5) raise his drug history and intoxication on the day of the incident. The superior court summarily dismissed the post-conviction relief proceedings. We have jurisdiction to review the dismissal pursuant to Rule 32.9.

**DISCUSSION**

**I.      Braxton's Direct Appeal.**

**¶7**          We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

**¶8**          In his supplemental brief, Braxton raises the following issues: (1) sufficiency of the evidence; (2) failure to disclose material evidence; (3) ineffective assistance of counsel;[1] (4) improper vouching; (5) multiplicitous convictions and excessive sentences; (6) violation of due process; and (7) unreliable witness testimony.

**A.      Sufficient Evidence Supported Braxton's Convictions.**

**¶9**          Braxton argues the State did not present sufficient evidence to prove his guilt beyond a reasonable doubt. We review the sufficiency of the evidence *de novo*. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). We view the evidence in the light most favorable to upholding the verdicts and resolve all conflicts in the evidence against Braxton. *See State v. Girdler*, 138 Ariz. 482, 488 (1983). We do not reweigh the evidence or determine the credibility of witnesses. *State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004).

**¶10**          Here the evidence was sufficient to support the jury's verdicts. Braxton did not dispute that an assault with a dangerous instrument occurred or that the victim suffered serious physical injury. Instead, he submitted a misidentification defense at trial. However, both the victim and a correctional officer identified Braxton as the attacker at trial. The victim's DNA was also found on Braxton's pants after the assault took place. Finally, Braxton admitted after the incident that he had been in possession of the dangerous instrument used in the assault.

**B.      Officer Crum's Inability to Identify Braxton Was Not Exculpatory Evidence.**

**¶11**          Braxton next claims the State withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). At trial, Department of Corrections Officer Crum testified the prosecutor showed him the

---

[1]      Because ineffective assistance of counsel claims cannot be raised on direct appeal, *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002), we address these claims *infra*, as part of Braxton's petition for post-conviction relief.

surveillance video of the assault before the trial began and asked him if he could identify the attacker. Crum was unable to do so, and the prosecutor did not disclose that information to Braxton before trial. Braxton argues this information was exculpatory, and therefore the State was required to disclose it under *Brady*.[2] We disagree.

**¶12** "A *Brady* violation occurs only when the prosecutor, without regard to good faith or bad faith, withholds evidence that is material to a defendant's guilt or punishment." *State v. Arvallo*, 232 Ariz. 200, 206, ¶ 36 (App. 2013). "Evidence is 'material' for purposes of Brady 'when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different.'" *State v. Benson*, 232 Ariz. 452, 460, ¶ 24 (2013) (quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012)).

**¶13** Crum's inability to identify the attacker in the surveillance video was not "material" evidence. Crum was not introduced by the State as an identification witness. Instead, another Department of Corrections officer, Officer McClure, testified that he had identified Braxton in the surveillance video on the day of the assault. The existence of another officer who could not identify Braxton in the video does not create a reasonable probability that the jury would have returned a different verdict. Two other witnesses, the victim and McClure, identified Braxton as the attacker, and the victim's DNA was found on Braxton's pants. Regardless, Braxton was not prejudiced by the State's failure to disclose because the jury still considered Crum's failure to identify Braxton in the surveillance video after it came out on cross-examination. *See Strickler v. Greene*, 527 U.S. 263, 282 (1999) (*Brady* violations require a finding of prejudice to the defendant).

### C. The State's Closing Argument Did Not Constitute Improper Vouching.

**¶14** Braxton contends the State's closing argument constituted improper vouching. Improper prosecutorial vouching occurs when the prosecutor either places the prestige of the government behind a witness, or suggests evidence not presented to the jury supports a witness's testimony, *State v. Vincent*, 159 Ariz. 418, 423 (1989), and includes personal

---

[2] Braxton also argues the State violated *Brady* by failing to disclose the victim's intent to identify him during her testimony. Because *Brady* only requires the State to disclose evidence favorable to the defendant, this was not a violation. *Brady*, 373 U.S. at 87.

assurances of a witness's truthfulness, *State v. Dunlap*, 187 Ariz. 441, 462 (App. 1996).

¶15            First, Braxton challenges several statements made by the State during closing argument that suggested certain witnesses' testimony was uncontradicted. When discussing the credibility of several witnesses, the State argued no one had testified that any of the witnesses "got it wrong." However, these statements by the prosecutor do not personally assure the witnesses' truthfulness, but instead point out a lack of impeaching evidence presented to the jury. Such argument is proper.

¶16            Additionally, during closing the State argued:

> [W]hen the defense has the facts on their side they argue the facts. When they have the law on their side, they argue the law. When they have nothing, they attack the investigation and the victims. This is exactly what's going on here, because they have nothing.

Braxton argues this statement constituted improper vouching by the prosecutor. We disagree. The prosecutor commented on the evidence presented at trial, an acceptable tactic, and did not vouch for any witness's testimony or refer to any evidence outside the record.

### D.     The Superior Court Did Not Impose Multiplicitous Sentences and Braxton's Sentences Did Not Violate the Eighth Amendment.

¶17            Braxton argues the State charged multiplicitous offenses in violation of the Double Jeopardy Clause and that his sentence was "excessive" such that it violated his Eighth Amendment rights.

¶18            The Double Jeopardy Clause of the Fifth and Fourteenth Amendments "protects against multiple punishment for the same offense." *Ohio v. Johnson*, 467 U.S. 493, 498 (1984); *see also Lemke v. Rayes*, 213 Ariz. 232, 236, ¶ 10 (App. 2006). Braxton submits his convictions are multiplicitous because they arise out of a single incident. But, Arizona does not take a "single incident" approach to double jeopardy. *See, e.g., Anderjeski v. City Court of Mesa*, 135 Ariz. 549, 550 (1983). Multiple convictions are permissible, even if they arise from the same conduct, if the sentences imposed are concurrent. *Id.* at 551. Because the superior court imposed concurrent sentences on all the convictions stemming from the assault, no constitutional violation occurred. The only consecutive sentence imposed

was on Count 3 for promoting prison contraband, which was conduct separate and distinct from the assault.

¶19 The Eighth Amendment protects against "cruel and unusual punishments." U.S. Const. amend. VIII. This court is "extremely circumspect" in our review of Eighth Amendment claims and only in "exceedingly rare" circumstances will a sentence to a term of years be held to violate the Eighth Amendment. *State v. Berger*, 212 Ariz. 473, 475, 477, ¶¶ 10, 17 (2006). "A trial court has broad discretion in sentencing and, if the sentence imposed is within the statutory limits, we will not disturb the sentence unless there is a clear abuse of discretion." *State v. Ward*, 200 Ariz. 387, 389, ¶ 5 (App. 2001). Because Braxton's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration, we find no such abuse of discretion in this case.

### E. Braxton Was Not Deprived of Due Process.

¶20 Braxton also claims he was deprived of due process of law because the State introduced his prior statements at trial by having them read aloud to the jury. Braxton contends the lack of context or voice inflection rendered those statements inaccurate. However, Braxton provides no supporting citations to any legal authorities to support his argument. *See* Ariz. R. Crim. P. 31.10(a)(7)(A). Furthermore, Braxton failed to object to the admission of the statements at trial.

¶21 We find Braxton was not deprived of due process. Braxton was either present or waived his presence at all stages of the proceedings. The record reflects the superior court afforded Braxton all his constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure.

### F. The Jury Assesses Credibility of the Witnesses.

¶22 Finally, Braxton contends the State presented witnesses that were not "reliable." Braxton challenges the testimony of the DNA experts, the victim, and the correctional officers who testified at trial. However, "[n]o rule is better established than that the credibility of the witnesses and the weight and value to be given to their testimony are questions exclusively for the jury." *State v. Clemons*, 110 Ariz. 555, 556–57 (1974). Braxton's trial counsel vigorously cross-examined all the State's witnesses and the jury made a determination based on the evidence presented.

## II.     Braxton's Petition for Post-Conviction Relief.

¶23     We next address Braxton's petition for post-conviction relief pursuant to Rule 32. Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). It is the petitioner's burden to show that the superior court abused its discretion. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

¶24     On review, Bradley reasserts his ineffective assistance of counsel claims regarding his trial counsel's failure to retest DNA evidence, interview and call additional witnesses, and present his mental health and substance abuse history as mitigating evidence. However, Bradley does not reassert the claim that his trial counsel should have pursued a third-party defense, and therefore we do not consider that claim. *See* Ariz. R. Crim. P. 32.9(c)(4)(D) (failure to raise an issue in the petition on review "constitutes a waiver of appellate review of that issue").

¶25     To state a colorable claim of ineffective assistance of counsel, a petitioner must show counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). Counsel's performance must fall outside the acceptable "range of competence" and fail to meet "an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88.

¶26     Braxton first argues his trial counsel should have tested or retested certain DNA evidence. Braxton's trial counsel was given the opportunity to retest DNA evidence before trial, but elected not to do so. Braxton also did not request DNA testing post-trial under Rule 32.12. Regarding the evidence that was not tested, Braxton's trial counsel elected to argue at trial that the lack of testing was part of a failure by the State to properly investigate the incident. To the extent Braxton disagreed with that strategy, such a disagreement does not amount to ineffective assistance of counsel. *See State v. Meeker*, 143 Ariz. 256, 260 (1984) (disagreement over trial strategy will not amount to ineffective assistance of counsel if the conduct has a reasoned basis).

¶27     Braxton also asserts his trial counsel failed to interview or call important witnesses. Braxton argues his trial counsel should have called Lieutenant Lunka, a correctional officer on duty during the incident whose testimony Braxton claims would have contradicted that of McClure. However, Braxton provides no details about what Lunka would testify to,

or how it would impeach McClure's identification at trial. Furthermore, his attorney at trial cross-examined McClure regarding the identification and even commented on Lunka's absence at trial. This indicates a difference in trial strategy rather than a failure of counsel to investigate Lunka's potential testimony. *See Meeker*, 143 Ariz. at 260; *see also Nash*, 143 Ariz. at 398 (there is a "strong presumption" that counsel's conduct was appropriate trial strategy under the circumstances).

¶28        Braxton also contends his trial counsel should have called the K9 officers who apprehended him on the day of the incident and the Native American inmates whom he was found with at that time. Braxton claims the K9 officers would have testified that they "cleared" him of having any of the victim's blood or DNA on his person. He claims the Native American inmates would have testified that Braxton was with them at the time of the assault. However, the evidence presented at trial belies such potential testimony. In Braxton's prior statements, he admitted he was inside the building at the time of the assault and saw the victim shortly after the assault took place. He then walked outside to where the Native American inmates were exercising. In addition, Braxton's pants were tested after the assault and found to contain the victim's DNA. Accordingly, Braxton was not prejudiced by trial counsel's failure to call these witnesses.

¶29        Finally, Braxton claims his trial counsel failed to present mitigating evidence in the form of his mental health history. This claim is also not supported by the evidence. The superior court conducted Rule 11 proceedings before trial and determined that Braxton was competent to stand trial. Braxton has not presented any additional psychiatric evidence regarding his mental health history than that presented during the Rule 11 proceeding. *See* Ariz. R. Crim. P. 32.5(d) ("The defendant must attach to the petition any affidavits, records, or other evidence currently available to the defendant supporting the petition's allegations.").

## CONCLUSION

**¶30** Braxton's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Braxton's representation in this appeal will end after informing Braxton of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Furthermore, we grant review of his petition but deny relief.

