NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

MARK ANDREW DUDLEY, *Appellant.*

No. 1 CA-CR 22-0456
FILED 2-15-2024

---

Appeal from the Superior Court in Yavapai County
No. V1300CR202080703
The Honorable Krista M. Carman, Judge

**AFFIRMED AS MODIFIED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Law Office of Stephen L. Duncan PLC, Scottsdale
By Stephen L. Duncan
*Counsel for Appellant*

Mark Andrew Dudley, Douglas
*Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Cynthia J. Bailey and Judge Brian Y. Furuya joined.

_____

**M O R S E**, Judge:

¶1    Mark Andrew Dudley appeals his convictions and sentences for one count of driving or actual physical control while under the influence of intoxicating liquor or drugs, one count of driving while license is revoked, and one count of aggravated actual and physical control with an alcohol concentration of 0.08 or above while his license to drive was revoked. After searching the entire record, Dudley's defense counsel identified no non-frivolous arguable question of law. In accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error. Dudley filed a supplemental brief *in propria persona*, which we have considered. Finding no reversible error, we affirm Dudley's convictions and sentences and modify the written sentencing order to reflect that Dudley was sentenced as a category three repetitive offender.

**FACTS AND PROCEDURAL BACKGROUND**

¶2    In November 2020, a couple towing their recreational vehicle ("R.V.") took a wrong turn down a dead-end road. Shortly after, Dudley's truck stopped behind the couple, effectively blocking them from backing out of the road. The couple then called law enforcement to help them back out of the road.

¶3    When police arrived, they discovered Dudley asleep in the truck's driver's seat, with the ignition on, the transmission in drive, and his foot on the brake. Police assisted Dudley out of the truck and could smell a "strong odor of alcohol" emanating from Dudley and the truck. Dudley refused the police's request that he perform a field sobriety test. Police arrested Dudley on suspicion of driving while under the influence. Police searched the truck and found a half-empty beer and a large knife. Police brought Dudley to the police station, where he submitted to two breathalyzer tests showing he had a blood alcohol content of .120 and .112.

¶4          The State charged Dudley with aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs, a class 4 felony, under A.R.S. §§ 28-1381(A)(1) and 28-1383(A)(1) ("Count 1"); aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs, a class 4 felony, under A.R.S. §§ 28-1381(A)(2) and 28-1383(A)(1) ("Count 2"); and misconduct involving weapons, a class 4 felony, under A.R.S. § 13-3102(A)(4) ("Count 3"). The State subsequently moved to sever Count 3 and proceed to trial on Counts 1 and 2.

¶5          In July 2022, the superior court conducted a four-day jury trial, during which the couple towing the R.V., police officers, the quality assurance officer for the breathalyzer, and the custodian of records for the Arizona Motor Vehicle Department ("MVD") testified for the prosecution. Dudley's spouse, brother-in-law, friend, and a forensic engineer testified for the defense.

¶6          The couple testified they saw one person in the truck and no one exit. Police on the scene testified that they found Dudley asleep behind the wheel, with his foot on the brake, while the truck was running and in drive. The jury also heard testimony that Dudley smelled of alcohol; marijuana odor emanated from the truck; officers found a partially empty beer can in the truck; and Dudley's breathalyzer test showed he had a blood alcohol content of .120 and .112. Officers also testified that the truck appeared to move under its own power when it was loaded onto the tow truck. The quality assurance officer testified that the breathalyzer had been calibrated and was working properly. The MVD custodian of records testified that Dudley had a revoked license at the time of the incident and Dudley had proper notice of the revocation.

¶7          Dudley's brother-in-law and friend testified they had seen Dudley earlier that day, knew Dudley did not have a license, and his spouse always drove. Dudley's spouse testified that only she drove the truck that evening until it broke down and could no longer move. After the truck broke, Dudley's spouse said she and Dudley had an argument, Dudley frustrated her, and she left the truck, leaving it and Dudley where the police found it. The forensic engineer testified that the damage he observed on the truck's brake system could render the vehicle immobile.

¶8          The jury found Dudley guilty of the lesser included offenses for Count 1, driving or actual physical control while under the influence and driving with a revoked license, and guilty of Count 2, aggravated actual and physical control with an alcohol concentration of 0.08 or above.

At the sentencing hearing, the court found Dudley was a category three repetitive offender and sentenced him to a mitigated six-year term for Count 2. The court also sentenced Dudley to 52 days in jail for the lesser included offenses in Count 1, all to run concurrently with the sentence imposed for Count 2.

**¶9** Dudley timely appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

**¶10** Dudley raises several issues in his supplemental brief, but none were raised at trial. Thus, we review only for fundamental error. *See State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018) ("Because [defendant] did not object . . . , we will not reverse unless the court committed error that was both fundamental and prejudicial."). Fundamental error goes to the "foundation of the case," takes away "a right essential to his defense" and is "of such magnitude that the defendant could not possibly have received a fair trial." *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005) (quoting *State v. Hunter*, 142 Ariz. 88, 90 (1984)). The defendant bears the burden of proof and "must establish both that fundamental error exists and that the error in his case caused him prejudice." *Id.* at 567, ¶ 20. "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404 n.2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

## I. Illegal Stop and Seizure.

**¶11** Dudley first argues the police violated his constitutional rights by disturbing him on "private property," opening the truck door "only" because of his "prior incidents" with police, and violating his Fourth and Fourteenth Amendment rights.

**¶12** Because Dudley did not file a motion to suppress, there was neither an evidentiary hearing nor a ruling by the court on these issues. A defendant waives a challenge to the admissibility of evidence when he fails to challenge it below. *See State v. Tison*, 129 Ariz. 526, 535 (1981) (refusing to consider grounds for suppression not raised at suppression hearing). We recognize that Arizona courts have, as a matter of discretion, sometimes reviewed suppression issues for fundamental error. *See State v. Newell*, 212 Ariz. 389, 398, ¶ 34 (2006) (noting that courts "may" review a suppression argument raised for the first time on appeal for fundamental error). But, given the absence of factual findings below, we lack evidence and context

from which we could conduct fundamental-error review. *See State v. Brita*, 158 Ariz. 121, 124 (1988) ("It is highly undesirable to attempt to resolve issues for the first time on appeal, particularly when the record below was made with no thought in mind of the legal issue to be decided."). As a result, we find this issue waived.[1]

## II.     Intoxication Evidence.

**¶13**          Next, Dudley argues that he was not given a chance to obtain exculpatory evidence because a phlebotomist was unavailable to draw his blood when police administered his breathalyzer.

**¶14**          "[A] defendant has the right to seek a private blood draw if the State does not administer a blood test." *State v. Olcan*, 204 Ariz. 181, 183, ¶ 8 (App. 2003); *see* A.R.S. § 28-1388(C) ("The person tested shall be given a reasonable opportunity to arrange for any physician, registered nurse or other qualified person of the person's own choosing to administer a test or tests in addition to any administered at the direction of a law enforcement officer."). If the defendant affirmatively requests a blood test, law enforcement may not interfere with his efforts to obtain one. *Olcan*, 204 Ariz. at 184, ¶ 12. But Dudley does not argue he requested an independent test, only that he could not obtain "exculpatory evidence" because there was not a phlebotomist at the police station. Nothing in the record suggests that Dudley requested an independent blood test, and therefore, we find no fundamental error in the use of the breathalyzer results as evidence of his intoxication. *See Van Herreweghe v. Burke*, 201 Ariz. 387, 390, ¶ 10 (App. 2001) (rejecting argument that defendant did not know how to arrange an independent test from jail and noting "[t]he difficulties of obtaining an independent test do not violate a defendant's rights if those difficulties are not created by the State").

---

[1]          Although the issue is waived on appeal, it may be raised in a timely request for post-conviction relief. *See* Ariz. R. Crim. P. 32; *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002) (noting that ineffective assistance of counsel claims should be raised in Rule 32 proceedings). A full record is necessary to decide such issues and we do not suggest that counsel was ineffective in failing to file a motion to suppress. *See Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) (stating that a defendant must "prove that his Fourth Amendment claim is meritorious" to show ineffective assistance of counsel); *State v. Fillmore*, 187 Ariz. 174, 181 (App. 1996) (noting that counsel may fall below professional norms by failing to file a motion to suppress if the evidence was "clearly of questionable validity").

**¶15**        Dudley also argues the breath sample operational checklist was unsigned by either the officer administering the test or Dudley and should have been inadmissible at trial. But there is no requirement that the operational checklist be signed to be admissible at trial. *See* A.R.S. § 28-1323(A) (providing five requirements for an administered breathalyzer test to be admissible at trial). Thus, there was no error in its admission, let alone fundamental error.

## III.    Speedy Trial.

**¶16**        Dudley argues that the State deprived him of his right to a speedy trial due to "collusive acts by county of Yavapai." Dudley presents no citations to the record to support his claim.

**¶17**        Generally, a defendant who is out of custody while awaiting trial must be tried "[n]o later than 180 days after arraignment." Ariz. R. Crim. P. 8.2(a)(2). Delays "caused or resulting from" the defendant's "absence or incompetence" are excluded time from the 180-day requirement. Ariz. R. Crim. P. 8.4(a).

**¶18**        Dudley was arraigned on January 27, 2021. On April 19, Dudley failed to appear at a pretrial hearing, and the court issued a warrant for his arrest. Later that same day, Dudley appeared before the court at a settlement conference and rejected a plea offer. The court then quashed the warrant and set trial for September 8, 2021, 225 days after Dudley's arraignment. Dudley did not object to the trial date setting.

**¶19**        On August 16, the Office of Public Defenders reassigned Dudley different counsel, and a week later, Dudley moved to continue the trial. The court granted the motion, vacated the September trial date, and ordered "time is excluded." On November 8, 2021, the court rescheduled trial for July 26, 2022.

**¶20**        A defendant waives his speedy trial rights under Arizona Rules of Criminal Procedure ("Rule") 8.2 "by not objecting to the denial of speedy trial in a timely manner." *State v. Spreitz*, 190 Ariz. 129, 138 (1997). But, even if we assume the court violated Dudley's Rule 8.2 speedy trial rights in setting the September 2021 trial date, he would not be entitled to relief because he has not demonstrated that the delay prejudiced him. *See State v. Vasko*, 193 Ariz. 142, 147, ¶¶ 20–22 (App. 1998) (noting that a defendant must show he was prejudiced by a Rule 8.2 delay for there to be reversible error). As to the July 2022 trial date, a "defendant may not obtain a continuance and then assert, on appeal, failure to comply with the rule as

ground for retrial." *State v. Gretzler*, 126 Ariz. 60, 71 (1980). Thus, Dudley's Rule 8.2 rights were not violated.

**¶21** For similar reasons, we do not find a speedy trial violation under the United States or Arizona Constitution. *See State v. Wassenaar*, 215 Ariz. 565, 571, ¶ 18 (App. 2007) (including prejudice as the most important of four factors for a constitutional speedy trial violation).

## IV. Prosecutorial Misconduct.

**¶22** Dudley contends the prosecutor was seen outside the courtroom within earshot of the jury stating, "she is obviously lying." Dudley's citations to support this claim are either not related to prosecutorial misconduct, are not related to the alleged incident, or are not in the record. And nothing in the record suggests the prosecutor committed any misconduct.

## V. Improper Testimony.

**¶23** Dudley argues that the MVD custodian's testimony violated "fundamental fairness" by stating he had a suspended license from a prior conviction. Dudley specifically cites this line of questioning as improper:

> Q. And based off your review and that report, can you tell us what was the status of the driver's license on November 7, 2020.
>
> A. The driver status on that date of violation was revoked.
>
> Q. And does it say why?
>
> A. Looks like a revocation stemming from a violation back on April 11, 2006, conviction for a --
>
> Q. We don't want to get into his conviction. But there was some violation?
>
> A. That is correct. Yes.

**¶24** Here, any inadmissible testimony does not rise to the level of fundamental error and the "conviction" testimony was not mentioned again during trial. *See State v. Wood*, 180 Ariz. 53, 65 (1994) (finding that admitting one erroneous statement did not deprive the defendant of a fair trial "[g]iven the clear quantum of evidence supporting" his conviction); *State v. Stuard*, 176 Ariz. 589, 601–02 (1993) (finding no fundamental error from a

"short remark" about defendant's prior imprisonment when "no one made any further mention of Defendant's criminal record to the jury").

## VI.     Double Jeopardy.

¶25          Next, Dudley argues that his convictions for both misdemeanor driving or actual physical control while under the influence pursuant to A.R.S. § 28-1381(A)(1), and aggravated driving or actual physical control while under the influence pursuant to A.R.S. §§ 28-1381(A)(2) and 28-1383(A)(1), constitute double jeopardy.  Our supreme court has considered and rejected this argument.  Although a violation of subsections (1) and (2) of A.R.S. § 28-1381(A) can arise "out of one act, the statutes describe two separate and distinct offenses." *Anderjeski v. City Ct. of Mesa*, 135 Ariz. 549, 550 (1983).  "It is possible to have less than 0.[08] blood alcohol content and still be under the influence of intoxicating liquor." *Id.* Likewise, "a person may have over 0.[08] per cent blood alcohol content and still not have his driving abilities significantly impaired." *Id.* at 551. Therefore, Dudley was not punished twice for the same offense, and his convictions do not violate double jeopardy protections. *Id*.

## VII.     Right to Petition.

¶26          Dudley also argues his "right to petition was abridged" when the court denied his motion for an evidentiary hearing.  Dudley filed the motion after sentencing and four months after he filed a notice of appeal. The court treated the motion as a request for post-conviction relief, noted that this appeal was pending, and took no action on the motion.  We find no error. *See Lightning A Ranch Venture v. Tankersley*, 161 Ariz. 497, 499 (App. 1989) ("A trial court loses jurisdiction of a case while an appeal is pending, except with regard to matters in furtherance of the appeal.").

## VIII.    No Fundamental Error.

¶27          In addition to evaluating the arguments raised in Dudley's supplemental brief, we have conducted an independent review of the record.  Our review revealed no fundamental error. *See Leon*, 104 Ariz. at 300.  All proceedings were conducted in compliance with the Rules, and the record reveals that Dudley was present at all critical stages of the proceedings and represented by counsel. *See* Ariz. R. Crim. P. 6.1, 19.2.  The State presented sufficient evidence from which the jury could determine Dudley's guilt beyond a reasonable doubt. *See State v. West*, 226 Ariz. 559, 562, ¶ 16 (2011).  The jury was comprised of eight members. *See* A.R.S. § 21-102(B).  The superior court properly instructed the jury on the presumption of innocence, the burden of proof, and the elements of the charged offenses.

The court received a presentence report. Ariz. R. Crim. P. 26.4. The court afforded Dudley an opportunity to speak at sentencing, imposed sentences within the statutory limits, and stated on the record the evidence and factors it considered in imposing the sentences. *See* A.R.S. §§ 13-701, -703; Ariz. R. Crim. P. 26.9–26.10.

## IX. Clerical Error.

**¶28** The court's written sentencing order incorrectly indicated that Dudley was sentenced to Count 2 as a "nonrepetitive offender" for a mitigated six-year term of imprisonment. Aggravated driving or actual physical control with an alcohol concentration of 0.08 or above is a class 4 felony. A.R.S. § 28-1383(O)(1). At the sentencing hearing, the court found that Dudley had been convicted of five previous felonies and was a category three repetitive offender. *See* A.R.S. § 13-703(J) (establishing a mitigated six-year prison term for category three repetitive offenders convicted of a class 4 felony). We correct the written sentencing order to reflect that Dudley was sentenced as a category three repetitive offender. *See State v. Hanson*, 138 Ariz. 296, 304–05 (App. 1983) ("Where there is a discrepancy between the oral sentence and the written judgment, the oral pronouncement of sentence controls.").

## CONCLUSION

**¶29** We modify the sentencing order to correct the above error and affirm Dudley's convictions and sentences. Upon the filing of this decision, defense counsel shall inform Dudley of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Dudley shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA